Weed *v.* Beebe et al.

--->●●●●<---

SAMUEL S. WEED *v.* WILLARD M. BEEBE, FREEMAN ORCUTT AND SAMUEL S. LANG.

[IN CHANCERY.]

If an infant purchase land, and execute notes for the purchase money, or a mortgage of the land to secure the purchase money, he cannot disaffirm the notes and mortgage and claim the land under his deed.

Where an infant purchased land, and paid a part of the purchase money, but executed no mortgage for the security of the residue, and afterwards, upon an attempt being made by the vendor to collect the residue by a suit at law, pleaded his infancy in bar and thus defeated the suit, but still retained the land, and, after he became of age, conveyed the land, by deed, to a third person, it was held, that the vendor had a lien upon the land for the payment of that portion of the purchase money remaining unpaid, and that he might enforce that lien, in chancery, without repaying, or offering to repay, the amount which he had received towards the purchase money.

And it was also held, that such third person, who had purchased the land, having had full knowledge, before his purchase, of all the facts, upon which the equitable lien of the orator was founded, acquired by his purchase no greater right, and could claim to stand in no better situation, than the one from whom he purchased.

And it was also held, that the vendor could sustain a bill in chancery, in his own name, to enforce this lien, notwithstanding he had executed a quitclaim deed of the premises to another person, subsequent to his sale to the infant, but previous to the infant's avoidance of the debt.

And it was farther held, that it was not necessary for the orator to join, as a defendant in such bill, one who had received a mortgage of the premises from the person who purchased them of the infant.

APPEAL from the court of chancery. The orator alleged in his bill, that on the seventeenth of February, 1843, he sold to the defendants, Beebe and Orcutt, certain premises in Charleston, at the price of three hundred dollars, for which he took their written agreement to pay two hundred dollars in labor, and to pay the residue in money, or by paying a note, which John M. Beebe held against Jedediah Skinner; that at the request of Orcutt, he executed the deed of the premises to the defendant Beebe, but took no mortgage to secure the performance of the agreement in reference to the purchase money; that Beebe and Orcutt paid the $200, which they were to pay in labor, and the residue still remained unpaid; that soon after the purchase, Orcutt absconded from the state, wholly insolvent; that the orator then commenced a suit at law against Beebe, to recover the residue of the purchase money, and Beebe pleaded in bar his infancy at the time the contract was made, and thereby defeated the suit; that afterwards, and after he had become of full age, Beebe executed a deed of the premises to the defendant Lang, who had full knowledge, that the residue of the purchase money remained due to the orator; and that Lang now claimed to hold the premises by virtue of that conveyance. And the orator prayed, that his deed to Beebe might be decreed to be void and of no effect, or that the defendants might be decreed to pay to him the amount of the purchase money remaining due, or be foreclosed of all equity of redemption in the premises, and for general relief.

The bill was taken as confessed as to the defendants Beebe and Orcutt. The defendant Lang answered, admitting that he pur-

Weed *v.* Beebe et al.

chased the premises of the defendant Beebe, as alleged in the bill, and that he had previously heard, that Beebe had defeated the suit at law, in favor of the orator against him, by pleading his infancy, but alleging, that he had agreed to pay for the premises $130, which was their full value, and that, at the request of Beebe, and to secure a debt due from him to John M. Beebe, he had executed his notes for that amount to John M. Beebe, and secured them by a mortgage of the same premises, which mortgage was still outstanding.

The answer was traversed, and testimony was taken upon both sides, the substance of which is fully stated in the opinion delivered by the court.

The court of chancery decreed, that the defendants pay to the orator the amount of the purchase money of the premises remaining unpaid, or surrender the premises; from which decree the defendants appealed.

*Peck & Colby* for orator.

1. The purchase of an infant is only voidable, and vests the freehold in him, until he disagrees thereto, after coming of age; and he cannot affirm the contract in part and disaffirm it in part. *Bigelow v. Kinney,* 3 Vt. 353. *Richardson v. Boright,* 9 Vt. 368. *Roberts v. Wiggin,* 1 N. H. 73. Bac. Abr., Lease B. 4 Cruise 142. *Hamblet v. Hamblet,* 6 N. H. 333. *Badger v. Phinney,* 15 Mass. 359. 2 Kent 240.

2. It is argued, that the decree should order the land re-conveyed to the orator, and the amount paid towards it to be refunded to the infant; but he can claim no such privilege now. When he became of full age, he avoided the suit for the purchase money by plea of infancy; and it was then his duty to have restored the land; —but, instead of that, he conveyed the land, and thus placed it beyond his power to re-convey to the orator; he refuses to affirm the contract, while the property is in his hands, but, having avoided the payment, seeks to affirm the contract by assuming to convey, and, by the same act, to deprive the orator of all means to secure his debt.

3. The notice to Lang is clearly proved.

4. There is strong equity here for allowing to the orator a lien

63

on the land for the purchase money, as against these defendants,—
he having no note, or other security, for his debt, but merely a
written agreement to pay.   2 Story's Eq. 462–482.

*T. P. Redfield* for defendants.

1.  We insist, that the vendor, in this state, has no lien upon the
land for the purchase money, and that to establish such a lien would
effectually overturn our whole system of registry.   But if the vend-
or have such lien, it does not follow, that this orator can claim it.
He cannot pursue Beebe on the note, which is the *principal;* shall
he be permitted to pursue him upon an implied lien, which is a
mere *incident* to the note,—a mere collateral security ?

2.  The orator contends, that, as the defendant has pleaded in-
fancy to the note, he has treated the contract as rescinded.   But if
rescinded, it must be rescinded *in toto.*   *Hart* v. *Silk,* 5 East 449.
2 Kent 480.   The orator must do equity, before he can demand it
of another.   An infant cannot demand the return of property sold
by him, until he shall first return the consideration received ; and
as Beebe could not recover the $200, without first tendering the
title to the lands, shall the orator be permitted to take the land, un-
til he shall first return the $200 ?   *Holmes* v. *Blogg,* 8 Taunt. 508,
[4 E. C. L. 189.]   *Corpe* v. *Overton,* 10 Bing. 252, [25 E. C. L.
121.]   *Farr* v. *Sumner,* 12 Vt. 28.   *Touch* v. *Parsons,* 3 Burr,
1794.

The English authorities are, that, when an infant pleads his priv-
ilege, he avoids the contract as to himself merely, but leaves it in
force as to the adult, who cannot recover the consideration paid, but
it shall be treated as a gift.   Reeves' Dom. Rel. 202.   It is also
held, that if the contract be in part executed, and the infant,
when sued, plead his privilege, he avoids the residue of the con-
tract and leaves the executed part in force.   See *Abell* v. *Warren,*
4 Vt. 149 ; *Baker* v. *Lovett,* 6 Mass. 78 ; *Roof* v. *Stafford,* 7 Cow.
181 ; 9 Cow. 626 ; *Tucker et al.* v. *Moreland,* 10 Pet. 58.   It has
been decided in Pennsylvania, that trover will not lie against an in-
fant for property sold to him, after he has pleaded infancy in bar of
the contract and refused to fulfil it ; *Penrose* v. *Curren,* 3 Rawle
351 ; and such is the English doctrine.   *Jennings* v. *Rendall,* 8 T.
R. 335.   *Hunt* v. *Bowen,* 1 Mod. 25.

3. But if the contract were rescinded *in toto,* and the title to the land reverted, then, the orator having conveyed the land to Skinner before this bill was brought, Skinner, alone, can sustain the bill. 4 Kent 261. 15 Pick. 82. 14 Ib. 374. 2 Aik. 33.

4. John M. Beebe should have been joined, being a mortgagee of the premises. Story's Eq. Pl. § 193. All incumbrances, whether prior or subsequent, should be made parties to the bill. *Finley* v. *Bank of U. S.,* 11 Wheat. 304. *Harris* v. *Beach,* 3 Johns. Ch. R. 450.

The opinion of the court was delivered by

POLAND, J. The facts in this case, as shown by the bill, answers and evidence, seem to be substantially the following. On the seventeenth day of February, 1843, the orator contracted to sell to Beebe and Orcutt certain premises in the town of Charleston, of which he was the owner, for the sum of three hundred dollars,—two hundred dollars of which was to be paid by building a barn and finishing a house for the orator, and one hundred dollars to be paid in money, or by taking up a note for that sum, which one John M. Beebe, father of Willard M., held against Jedediah Skinner; and on the same day the orator executed a deed of the premises to Willard M. Beebe, and Beebe and Orcutt executed to the orator a written obligation for the payment of the $300, agreeably to their contract. Beebe and Orcutt, in pursuance of their contract, went on and performed, or nearly performed, the labor, which was to be in payment of two hundred dollars toward the purchase, but neglected and refused to pay the remainder of the purchase money. Orcutt having absconded from the state, and being wholly insolvent, the orator commenced his suit against Willard M. Beebe, for the recovery of the one hundred dollars, returnable to the June Term of Orleans county court, 1844; to which action the said Willard M. appeared and pleaded, that, at the time of the execution of the deed and contract aforesaid, he was a minor, under the age of twenty one years, and, having established that fact, he defeated a recovery by the orator against him for said sum. After the determination of that suit, and after the said Willard M. became of full age, on the fourth day of September, 1845, the said Willard M. conveyed the premises in question to Samuel S. Lang,—Lang having full notice of the non-

payment of the said one hundred dollars of the purchase money, and that Willard M. Beebe had avoided payment of it on the ground of infancy. Lang, at the time he received the deed from Willard M. Beebe, executed his notes, for the sum of $130, to John M. Beebe, and also executed a mortgage of the premises to John M. Beebe, to secure the same. The orator also executed a quitclaim deed of the premises to Jedediah Skinner, on the twenty-fourth day of July, 1843.

There can be no doubt, but that Willard M. Beebe, being a minor at the time of entering into the contract with the orator, might have disaffirmed the contract on coming of age; and had he done so, the orator probably could not have reclaimed the premises, without paying back what he had received in part payment for the land. Whatever may be the law elsewhere, it is well settled in this state by the cases of *Bigelow* v. *Kinney* and *Richardson* v. *Boright*, that an infant cannot avoid that part of his contract, which binds him, without also avoiding that part, which is in his favor. If he purchase land and execute notes for the purchase, or a mortgage of the land to secure the purchase money, he cannot disaffirm the notes and mortgage and claim the land under his deed. So if he sell land and take notes, he cannot avoid his deed and compel payment upon his notes. And the good sense and equity of this doctrine is too apparent, to require any reasoning, or authority, to support it. In the present case the defendant Beebe paid a part of the purchase money, but avoided the payment of the residue, by reason of his infancy.

It is strongly insisted in this case by the counsel for the defendants, however, that the orator could make no claim upon the land, or any *lien* upon it, by reason of this disaffirmance by Beebe, until he first repaid, or offered to repay, the two hundred dollars he had already received. As before intimated, the orator probably would have been obliged to do this, had Beebe disaffirmed his contract upon his coming of age, and claimed to be restored to his former condition in relation to the purchase of the premises. But this it seems he did not do; he not only affirmed the contract of purchase, by continuing in possession of the land, but even, after he had actually avoided the payment of the debt to the orator for the land, he proceeded to convey the land away to Lang. This, we think, must

effectually preclude him from claiming any return of the sum he had previously paid. Under these circumstances it seems apparent to us, that, upon the plainest principles of common honesty, as well as upon the principles of equity law, the orator should have a *lien* upon the premises, as against Willard M. Beebe, for that portion of the purchase money, the payment of which he had avoided by his plea of infancy.

The defendant Lang admits, that he had notice of all these facts, upon which this equitable *lien* of the orator is founded; and of course he could acquire no greater right, or claim to stand in any better condition, than Willard M. Beebe himself. We are satisfied from the evidence, that he had express notice, that the orator would claim this *lien* upon the land, before he purchased; but we do not think it was necessary for the orator to make this out, in order to charge him with the *lien*. It was decided upon the present circuit, in Rutland county,* that the doctrine of equitable *lien*, as between the vendor and vendee of real estate, for the purchase money, obtains in this state; but we have not examined, to see whether the orator could sustain his bill upon that principle, as we think it is well based, without resorting to the aid of vendor's *lien*.

It is insisted, however, that the bill should have been brought in the name of Skinner, by reason of the quitclaim deed from the orator to him of July 24, 1843. But we do not see any good ground for such claim. That deed clearly conveyed nothing to Skinner. The orator had nothing in the premises to convey, at that time; he had deeded the land away to Beebe, and at that time nothing had been done by Beebe to avoid the conveyance, and the deed was good as against the orator. If he had subsequently conveyed his right in the land, or even his debt, or claim against Beebe, to Skinner, we see no objection to its being enforced in the name of the orator, even for the benefit of Skinner.

It is also insisted, that John M. Beebe acquired an interest in the premises by virtue of his mortgage from Lang, and that he should have been joined as a party defendant. The orator might undoubtedly have joined John M. Beebe as a party, by reason of such conveyance. But it seems to us, that he is not a necessary party to this

* See *Manly et al. v. Slason et al., ante*, page 271.

bill, for the purpose of settling the rights of the parties before the court; and it is not usual to turn a party out of court, or even to delay a cause to bring in other parties, unless it is necessary to do so, in order to settle the rights, or properly protect the interests, of the parties already before the court. We do not see how these defendants can be at all prejudiced by John M. Beebe not being before the court. His rights, of course, are not prejudiced by any decree made here; and if the orator wås willing to leave the matter open for farther litigation with John M. Beebe, respecting his mortgage, we do not see how these defendants have any ground of complaint.

The decree of the chancellor is therefore affirmed.