WIILLIAM STONE, *in Equity, versus* LEVI BARTLETT & *al.*

The statute providing for the sale on execution of an equity of redeeming mortgaged real estate, regards such equity as an entirety, and does not authorize the sale of numerous equities for one sum. The equities are several, and the sales must be several.

Parties taking conveyances from those in whom the records disclose the title to be, in good faith, without notice of fraud affecting prior transactions, and for a valuable consideration, are to be protected.

In proceedings to redeem mortgages, the mortgagee must include, in his account rendered, only such prior incumbrances as he has actually paid, and no others.

A mortgager, filing his bill to redeem, may bring before the Court all parties who might call for redemption, — second mortgagees, subsequent incumbrancers, and all interested.

Stone *v.* Bartlett.

But the owner of the equity may bring his bill against the last mortgagee, if he choose to incur the risk of a foreclosure by a prior mortgagee, during its pendency. The defendants have no right to require the complainant to redeem prior mortgages. If they have paid prior incumbrances, they hold them as a charge upon the estate.

It would seem, that a party attempting to foreclose a mortgage should give notice to all parties whose interests may thereby be affected.

In a bill to redeem real estate mortgaged, the mortgagee is properly called upon to account for what he has received or ought to have received of the proceeds of personal property mortgaged to him to secure the same demands, deducting all reasonable and necessary expenses incurred in and about it.

BILL IN EQUITY, to redeem lands mortgaged.

The facts sufficiently appear in the opinion of the Court.

| 46 | 438 |
| 51 | 22 |
| 67 | 31 |
| 73 | 19 |

*Kent,* for complainant.

*Thomas,* for respondents.

The opinion of the Court was delivered by

APPLETON, J.— It is in proof that Brown & Bunker, on October 27, 1849, having received a deed from Locke & Wheeler, conveying to them certain real estate therein described, and an interest in certain bonds for a conveyance of real estate from one Macomber and one Donnel, mortgaged the same to said Locke & Wheeler to secure the purchase money.

On Oct. 2, 1850, Brown & Bunker conveyed their equity of redemption to E. H. Swett.

On Nov. 4, 1850, E. H. Swett mortgaged the several parcels of land of which the equity of redeeming had been conveyed to him, with the exception of the tracts of which Macomber and Donnel had given bonds, to the defendants.

On Oct. 14, 1851, Swett released his equity of redeeming the last mentioned mortgage to this complainant and Charles Buck, and, on Jan. 26, 1853, Buck conveyed the interest thus acquired to the complainant.

Subsequently to the release of Swett to the complainant and Buck, the title to the Macomber and Donnel lands was

conveyed to Buck, by whom they were mortgaged to these defendants.

The complainant, having thus acquired the right of redeeming the lands mortgaged by Swett to these defendants, brings his bill to redeem the Swett mortgage.

The bill, after stating the title of the parties, alleges that the defendants entered upon and took possession of the mortgaged premises for the purpose of foreclosure, and have remained in possession, taking the rents and profits; that Swett, in addition to the security of the mortgaged premises, on Aug. 26, 1851, gave to the defendants and Charles Buck a mortgage of a large quantity of logs in the Shillah and Donnel ponds, of which they took possession in September, 1851; that Buck, on September 25, 1852, assigned his interest in the same to the defendants; that the defendants having manufactured these logs and sold the boards, hold the proceeds, after paying the debts secured by the mortgage, in trust for this complainant, to whom Swett had mortgaged the same by two subsequent mortgages, one dated Sept. 4, 1851, and the other dated April 3, 1852, to pay over the proceeds to him after paying the debts secured by the mortgage; that he has demanded an account of the rents and profits and of the proceeds of the logs mortgaged, and that he is ready and offers to pay whatever may be equitably due.   The prayer of the bill is, that the defendants be required to render an account of the rents and profits received, and of the proceeds of the lumber, and to release and discharge their mortgage upon payment of what may be equitably due.

The defendants, in their answer, interpose various objections to the maintenance of the bill, which will be severally considered.

1. It is objected that the deed from Brown & Bunker to Swett, conveying the equity of redemption, was fraudulent as to creditors; that the defendants are such creditors; that the complainant took his conveyance with notice of the facts, and that, therefore, the bill cannot be maintained.

It was held, in *Stone* v. *Locke & al.*, that, as long as the

legal title remained in the complainant, the bill could be sustained in his name only, and that mere creditors, as such, without the intervention of legal process to divest such title, have no right to interfere.

2. The defendants allege further, that Jeremiah O. Nichols, a creditor of Brown & Bunker, commenced a suit against them, in which he caused their equity of redemption to be attached, and, judgment having been obtained, to be sold on execution, and that E. T. Farrington became the purchaser, and that, by these proceedings, the complainant was divested of his legal title.

Before considering this question it may be necessary to notice the dates of the deeds under which the complainant derives his title, and of the attachment on the writ in the suit, *Nichols* v. *Brown & Bunker*, and the sale of the equity on the execution upon which the defendants rely.

Brown & Bunker released their equity to Swett on October 2, 1850.

Swett mortgaged to these defendants on November 4, 1850.

Swett conveyed to Buck and complainant, on October 14, 1851.

The attachment in the suit, *Nichols* v. *Brown & Bunker*, is dated October 11, 1851, and the sale of the equity was made June 30, 1852.

It is apparent therefore, that if the deed of the sheriff conveyed Brown & Bunker's equity of redeeming their mortgage to Locke & Wheeler, that it must defeat the mortgage from Swett to them, under which they claim title, and for the redemption of which this bill is brought.

The sale of June 30, 1852, on the execution, *Nichols* v. *Brown & Bunker*, was of the equity of redeeming their mortgage to Locke & Wheeler and their mortgage to Nathan A. Swan for one entire sum. But the statute regards an equity of redemption as an entirety, and does not authorize the sales of numerous equities for one sum. The equities are several and the sales must be several. *Fletcher* v. *Stone*, 3 Pick. 250.

But upon other than technical grounds the deed of the sheriff cannot avail the defendants. The mortgage of Swett to these defendants was long prior to the attachment in the writ, *Nichols* v. *Brown & Bunker*. The defendants rely upon their mortgage from Swett, and say that it was upon good consideration and in good faith. If defeated, their security to that extent would be lost. There is neither allegation made nor proof offered that they were connusant of any fraud on the part of Swett or his grantors. Taking, then, without notice and in good faith, a conveyance from one, in whom the records of the county disclose the title to be, they are to be protected. The law on this subject is settled alike by reason and authority. The fraud between Brown & Bunker and Swett is immaterial, so far as the defendants are concerned, if they were purchasers in good faith without notice and for a valuable consideration. *Green* v. *Tanner*, 8 Met. 411. A purchaser of land for a full consideration, of one who has the recorded title, without knowledge of its being fraudulent, will be protected in his title against the creditors of the fraudulent grantor. *Erskine* v. *Decker*, 39 Maine, 467. The title having become vested in the defendants as mortgagees, it could not be divested by subsequent proceedings and nothing passed by the sale of the equity.

The conveyance from Brown & Bunker to Swett was dated October 2, 1850, and the mortgage from Swett to the defendants November 4, 1850. The defendants claim the conveyance to Swett to have been fraudulent, but the mortgage from Swett to them was to secure the entire indebtedness of Brown & Bunker to them as well as that of Swett. It is not easily to be perceived how, under such circumstances, they can have been defrauded, however it may be as to the other creditors.

3. It is immaterial to consider whether the conveyance from Swett to Buck and this complainant was fraudulent or not, inasmuch as no proceedings have been had to divest that title. Swett cannot redeem because he has parted with his title. His creditors cannot because they have not ac-

quired it. It has become vested in the complainant, who alone can maintain this bill.

4. It is insisted that the defendants, upon demand, have rendered a true account of the amount due, and that therefor a tender should have been made before bringing this bill. It is true no tender has been made. It is equally true that no such account as the statute requires has been rendered. The defendants in their answer say that, before the commencement of this bill, they had become the owners of two of the notes of Brown & Bunker, secured by the Locke & Wheeler mortgage. But, in their account rendered, they include all the Locke & Wheeler notes as due them. But they then owned but two of those notes and had a right to claim payment only of so much of the prior incumbrances as they had then paid. The other notes of Brown & Bunker belonged to Locke & Wheeler, to whom alone a valid payment could have been made. The account including sums the defendants had not *then* paid was erroneous.

5. It is next insisted that these are not the requisite parties to this bill. In *Stone* v. *Locke & al.*, the existence of the mortgage now sought to be redeemed was not disclosed in the bill, answer and proofs.

In the present case the mortgage of Brown & Bunker to Locke & Wheeler, and of Swett to the defendants, are both made a part of the case. It would seem that a party attempting to foreclose, should give notice to all parties whose interests may thereby be affected. *Downer* v. *Clement*, 11 N. H., 112. This rule extends to all existing incumbrances. So a mortgager, filing his bill to redeem, according to the course of proceedings in equity, may bring before the Court all parties, who might call for redemption, second mortgagees and subsequent incumbrances, and all interested. *Johnson* v. *Holdworth*, 1 Eng. Law & Eq., 144; *Weed* v. *Beebe*, 21 Verm. 495.

But the owner of the equity may bring his bill, unquestionably, against the last mortgagee, if he choose to incur the risk of a foreclosure during its pendency by a prior mortgagee.

The defendants have no right to require the complainant to redeem prior mortgages. It is sufficient for them that he seeks to redeem the one they hold. If they have paid prior incumbrances they hold them as a charge upon the estate, from the payment of which the complainant, if he would redeem, cannot be relieved.

The defendants, in their answer, say that, since the commencement of this bill, they have become the owners of all the notes secured by the mortgage to Locke & Wheeler. If so, any supposed necessity of making them parties has ceased.

6. It seems, that on the 26th of August, 1851, Swett mortgaged a large quantity of logs and lumber to Charles Buck and these defendants; and that Buck, on the 25th of September, 1852, assigned his interest in the same to these defendants.

If this mortgage were to be regarded as foreclosed, the defendants would be held to apply the value of the property, so far as a title passed, when foreclosed, to the payment of the debts thereby secured, according to the order of priority designated in the mortgage.

But the complainant claims, and the proof introduced, and the course of proceedings adopted by the defendants, and their accounts rendered, seem to show that the parties did not regard the mortgage of personal property as foreclosed, but that the defendants were to manufacture and sell the logs and account for what they may have received. From the amount of sales should be deducted all reasonable and necessary expenses incurred on and about the logs, their manufacturing and keeping, and in the sales of the lumber, and the net balance remaining, should be applied to the payment of the debts secured by the mortgage from Swett to defendants, according to its terms and conditions. In this way exact justice can be done between the parties. The defendants will only be charged for what they have, or should have received, and the complainant will be allowed for such balance as may remain, if any, after paying the debts secured by the mortgage of personal property, toward the discharge of the mortgage he seeks to redeem.

The complainant is entitled to redeem, and a master must be appointed to ascertain the amount due on the defendants' mortgage, the rents and profits received, &c.

TENNEY, C. J., and RICE, MAY, and GOODENOW, J. J., concurred.