T. T. EVANS ET AL. *v.* MORGAN, ROBERTSON & CO.

1. INFANT. *Repudiation of contract. Retention of consideration.*

    While an infant may escape personal liability on his contracts, he cannot, after repudiating a contract, retain as his own the fruits of it, if still in his possession.

2. SAME. *Purchase by infant. Repudiating liability. Remedy of seller. Fraudulent conveyance.*

    Where property is bought by an infant upon credit, and, when sued for the price, he pleads infancy, the seller may recover the property, the title being revested in him by the result of such suit; and, if it has been fraudulently conveyed by the infant to one not a *bona fide* purchaser, the seller may, in equity, have cancellation of the conveyance and restoration of the property.

3. SAME. *Fraud of infant. Intermingling of goods. Right of seller.*

> And if such infant, before disposing of the goods, had intermingled them with his stock of merchandise, so that identification and separation became impossible, the complainant may subject to his demand the entire stock; or if the stock, being *in custodia legis*, has been turned into money, the complainant may subject the proceeds.

FROM the chancery court of Lowndes county.
HON. T. B. GRAHAM, Chancellor.

The facts are stated in the opinion.

*Harrison & Landrum,* for appellants.

1. The demurrer to the bill should have been sustained. It is not alleged or pretended that T. T. Evans in any way represented himself as an adult, and without such representation he cannot be held. Kerr on Fraud & Mistake, 147, 148; *Ferguson* v. *Bobo,* 54 Miss., 121; 2 Pom. Eq. Jur., 464.

Evans was an infant when he contracted the debt, and was engaged in merchandising. The courts will not allow an infant to merchandise, "since it may be his undoing." 2 Strange's Rep., 1083; 12 Vin. Abr., 203.

2. The plea was erroneous on the merits. The burden was on complainants to show that Evans was not indebted to his father; in other words, that the bill of sale was fraudulent. We submit the facts fall short of showing this.

3. The decree against the grantee must in general be for a surrender of the property, and not for an absolute sum. 3 Stew., 243; 6 Gratt., 154. See also *Craig* v. *Ban Bibber,* 18 Am. St. Rep., 579, and note.

*Humphries & Sykes,* for appellees.

The assignment of errors involves, (1) the applicability of the doctrine of estoppel by conduct to acts and contracts of infants; (2) whether a court of chancery will interpose by injunction to prevent the consummation of fraud, even though the matter rests wholly in contract, and the only

fraud of which the infant was guilty was in the suppression of the fact of his minority. In case of fraud, equity has concurrent jurisdiction with law, and the jurisdiction will be exercised against any one who has abetted or profited by the fraud. The infancy of the defaulting party will not exonerate him, for, though the law protects an infant against personal liability, it gives him no authority to cheat others. Adams, Eq., 419.

An infant old and cunning enough to contrive fraud is bound as if he were an adult. 9 Vin. Abr., 415. See *Ferguson* v. *Bobo*, 54 Miss., 121; *Brantly* v. *Wolf*, 60 *Ib.*, 420; Big. on Estoppel, 492; 54 Miss., 132; Story on Sales, 24, 28. The evidence clearly shows the fraudulent character of the sale to the father. The father participated in the fraud, and cannot, any more than the son, retain the property. *Tuteur* v. *Chase*, 66 Miss., 476.

Since the goods in the hands of the infant were liable notwithstanding the infancy, and since the sale of them was fraudulent, there was no error in the decree which subjected the goods or their proceeds in the hands of the sheriff to the debts of complainants.

COOPER, J., delivered the opinion of the court.

The appellees exhibited their bill in the chancery court of Lowndes county, against T. T. Evans and M. A. J. Evans, for the purpose of subjecting certain goods, which they aver had been fraudulently sold by T. T. Evans to M. A. J. Evans, to the payment of their demands against T. T. Evans.

The bill alleges that T. T. Evans was, prior to the 21st day of December, 1890, engaged in business as a merchant, and contracted debts to the complainants for goods sold to him, a large part of which debts were contracted a short time before said 21st day of December, and the goods were, to a great part, in his stock on said day; that said T. T. Evans though apparently full grown and of age, was in truth a minor, but that fact was not known to complainants; that on said 21st day of

December, 1890, the said T. T. Evans had sold his entire stock of goods to his father, M. A. J. Evans, professedly in payment of a debt, but in truth for the purpose of defrauding his creditors; that he owed his father no debt, or, if any thing was really due to him, the sum was insignificant, and that the claim of the father, for payment of which the conveyance was made, was mostly if not entirely simulated; that upon learning of the pretended sale, complainants had sued out attachments at law against T. T. Evans and levied upon the goods; that the defendant, T. T. Evans, had pleaded his minority in the suits at law, and complainants, being satisfied that upon the trial at law said plea would be maintained, had attempted to discover the goods which they had respectively sold to the minor, with the purpose of making claim to the specific articles, but that it was found impossible to distinguish the goods, for the reason that they had been so intermingled by T. T. Evans as to preclude identification; that the goods had been sold by the sheriff as perishable property, and the proceeds yet remain in his hands.

The complainants, by their bill, waive all right to a personal judgment or decree against T. T. Evans, and pray that the sale to M. A. J. Evans be declared fraudulent, and that the court will take charge of the fund realized by the sheriff's sale, and apply it to the payment of their demands.

The defendants demurred to the bill, and, the demurrer having been overruled, they answered, setting up the bona fides of the sale to M. A. J. Evans and denying the right of complainants to relief. T. T. Evans pleaded and relied upon his infancy, and denied that the stock sold by him to his co-defendant consisted solely of goods bought of complainants, but averred that a part of said stock had been bought from complainants and a part from other persons. On final hearing the chancellor decreed in favor of complainants, and from that decree the defendants appeal.

We approve the decree, both on the facts and the law.

It is manifest from the evidence that the debt to the father

was grossly exaggerated by the parties for the purpose of covering the value of the entire stock of the son, and of enabling him to withdraw it from subjection by his creditors. It may be that some small sum was really due to the father, but if so, it was used as a mere foundation on which to build a simulated and exaggerated indebtedness, to be used as a device to defraud the real creditors of the son.

Upon the fact of fraud in the sale being found, no other legal or equitable result could have been reached than that decreed by the court. Infancy, as has been uniformly said by the courts, is a shield for protection and not a sword for attack. Under it the defendant may escape personal liability upon his contracts, but he cannot repudiate the contract and retain as his own its fruits. When property is bought by an infant upon credit, and, being sued for the price, he pleads infancy, the seller may recover at law the property, the title being revested in him by the result of the suit for the price. *Badger* v. *Phinney*, 15 Mass., 359 (8 Am. Dec., 105 and notes); *Brantly* v. *Wolfe*, 60 Miss., 420; *Henry* v. *Rott*, 33 N. Y., 526. *A fortiori*, is the principle applicable in a court of equity. *Kitchen* v. *Lee*, 11 Paige, 107; *Lynde* v. *Budd*, 2 Paige (Ch.), 191.

It is insisted for the appellants that the stock of goods sold by the infant, and seized by the officer under the writs of attachment, did not consist solely of the goods sold by the complainants, but was composed partly of those goods and partly of other goods bought from other persons; and it is urged that in no event should any goods have been subjected to complainants' debts, other than those sold by them to the infant.

It is not necessary to decide whether, if identification and separation of the goods could have been made, it should have been directed and the complainants confined to the goods sold by them, or whether the chancellor, even under such circumstances, might not have treated the goods other than those sold by complainants as substitutes for the goods sold

by them, and, dealing with the entire stock as a fund for the payment of creditors, have made the decree as entered. Upon another principle the decree was correct. It is certain that the goods bought from complainants have been intermingled with other goods, so that they cannot be identified or separated. This was done by the defendants and not by the complainants, and, under such circumstances, the complainants were entitled to subject to their debts the whole mass.

*The decree is affirmed.*