# CHARLESTON

WALLACE v. LEROY.

57    263
d61    388

Submitted February 21, 1905.    Decided February 28, 1905.

1. ASSIGNEE—*Suits by on Accounts Assigned.*

Under section 14 of chapter 99 of the Code of 1899, an assignee of an open account can maintain an action at law thereon in his own name.    (p. 265.)

2. ASSIGNMENT OF ACCOUNT—*Consideration for Assignment.*

In such case, the debtor will not be permitted to defeat the action by showing want, or inadequacy, of consideration for the assignment.    (p. 265.)

3. INFANT - *Suit Against for Purchase Money.*

In an action at law against an infant for the purchase money of property sold to him, some of the proceeds of which he still has, the defendant may have the benefit of his plea of infancy without having returned, or offering to return, such property or proceeds.    (p. 266.)

4. INFANCY—*Successful Plea of Dismisses Suit.*

When, in such case, the proceeds of the property so purchased have been attached in the hands of a third party, the plea of infancy, sustained by proof, annuls the contract, defeats collection of the debt, dissolves the attachment and releases the funds.    (p. 267.)

5. INFANTS— *Necessaries not Defeated by Plea of.*

Contracts for necessaries, such as food, lodging, clothing and other things essential to life and comfort and in keeping with an infant's station in society, cannot be avoided on the ground of infancy.    (p. 267.)

6. INFANTS IN BUSINESS—*Contract Voidable—Necessaries.*

As the law does not permit an infant to irrevocably bind himself by contract further than is absolutely necessary for his own good, and the carrying on of a trading business involves the making of contracts on his personal responsibility, articles furnished him for use in such business and services rendered him in connection therewith are not deemed necessaries, and he may disaffirm his contracts therefor, although he derives his living solely from such business    (p. 267.)

7. APPELLATE JURISDICTION—*Amount in Controversy.*

The test of appellate jurisdiction in this Court, when the plaintiff below is the plaintiff in error, and the matter in controversy is pecuniary, is the amount actually demanded in the court below, less the amount recovered, if anything, and not merely the amount, or additional amount, which he shows himself to be entitled to recover.    (p. 270.)

8.  APPEAL—*Costs to Party Substantially Prevailing.*

> When the amount in controversy is sufficient to give appellate jurisdiction, but the plaintiff in error has been prejudiced in a sum less than the jurisdictional amount, the judgment will be reversed, but the costs in this Court will be adjudged to the defendant in error as the party substatially prevailing.  (p. 270.)

Error to Circuit Court, Cabell County.

Action by George S. Wallace against Charles Leroy. Judgment for defendant, and plainiff brings error.

*Reversed.*

WALLACE & FITZPATRICK, for plaintiff in error.

J. W. PERRY and GEO. I. NEAL, for defendant in error.

POFFENBARGER, JUDGE:

This case is governed by legal principles applicable to contracts made by persons affected by the disability of infancy. Charles Leroy, an orphan boy, dependent upon his own resources for a living, owned and managed a cigar stand in the Florentine Hotel at Huntington, West Virginia, prior to May 29, 1902, and became indebted to a number of persons and firms for cigars, board, rent and other things.  Having become embarassed, he gave his creditors worthless checks, moved part of his stock into the basement of an adjoining building, prepared to leave the city, and, on the day above named, sold all his stock of goods to A. A. Hanly and departed.  Geo. S. Wallace, an attorney to whom several claims against Leroy, amounting to nearly $300.00, had been delivered for collection, took assignments of them, and, on the day of the sale to Hanly, instituted an action against Leroy before a justice of the peace, in which an attachment was sued out and copies thereof served on Hanly and other persons who were supposed to be indebted to the defendant, or to have property in their hands belonging to him.  Hanly answered, admitting indebtedness on account of the purchase money of the property, amounting to $371.72.  The defendant appeared by *guardian ad litem* and set up his infancy among other defenses.  A jury was waived, and the justice rendered a judgment in favor of the plaintiff for $269.72 and ordered the garnishee to pay the same, together with the costs, out of the money so due from him.  In a trial *de novo*

by a jury in the circuit court on appeal, a demurrer to the evidence was sustained by the court and a judgment of *nihil capiat* entered.

As grounds for reversal of this judgment, it is argued that, although the plea of infancy, sustained by proof, abrogated the contracts upon which the claims sued for were predicated, the plaintiff was entitled to have, not a personal judgment against the defendant for the amount of the claims, but satisfaction of them out of the proceeds of the property which the defendant sold to the garnishee. For the defendant, it is urged that the judgment is right for two reasons: first, that the plaintiff showed no title to, or interest in, the claims on which he sued; and second, conceding his right to sue, although he might be entitled to have the proceeds of any property sold which had belonged to the plaintiff, or the purchase money of which is represented by the claims in suit, he has wholly failed to show that the funds in the hands of the garnishee arose from property purchased from the plaintiff or any of his assignors.

The fact of assignment is not denied, but it is said there was not a sufficient consideration. As to this no inquiry could be permitted in a court of law. Section 14 of chapter 99 gives an assignee of an account, as well as of a bond or note, the right to maintain an action thereon in his own name. This statute does not pass the legal title, but it does pass the equitable title, together with a right of action at law. *Clarke* v. *Hogeman*, 13 W. Va. 718; *Garland* v. *Richeson*, 4 Rand. 266; *Whitteker* v. *Gas Co.*, 16 W. Va. 717; *Billingsley* v. *Clellant*, 41 W. Va. 234. The plaintiff, however, was put to the proof of his title and showed that his interest was a certain percentage of the claims in consideration of his collecting them. This made him of course equitably, not the sole, but a joint owner with the assignors, However, he obtained the statutory right to sue by virtue of the assignment, whatever the consideration may have been. That he was only a trustee for his assignors as to parts of the claims, can make no difference. That is a matter for settlement between them in which the debtor has no interest, and of which he cannot complain. Where the assignment would, at common law, pass the legal title, or where the statute authorizes an action at law under an assignment

the debtor cannot raise the objection of want of considera-tion, for his only duty is to pay, and, to whom the payment is to be made, is necessarily immaterial to him.  4 Cyc. 31, 32.

The effect of the establishment of the fact of infancy depends upon the forum in which it is set up, the right in controversy, the time at which the benefit of it is claimed and other conditions.   Since the rules, principles and processes of courts of equity are, in many respects, essentially different from those applied in courts of law, a party asserting rights, to which he is entitled by reason of the disability of infancy, may, in equity, be compelled to submit to conditions unknown to the common law courts.   As a condition of obtaining relief, he may be required to do equity or to come into court with clean hands.   For principles governing the procedure in equity in such cases, some of which are not applicable here, this being an action at law, see *Mustard* v. *Wohlford*, 15 Grat. 329; *Bedinger* v. *Wharton*, 27 Grat. 857; *Gillispie* v. *Bailey*, 12 W. Va. 92.

Nor is this a possessory action by the infant to recover back specific property sold or bartered away by him.   In such case, he seeks to undo an executed contract and to set up title to property, and many cases hold that he must return the money or the property he received in exchange for it, if he is able to do so.   1 Min. Inst. 525; *Taft* v. *Pike*, 14 Vt. 405; *Weed* v. *Beebe*, 21 Vt. 495; *Kitchen* v. *Lee*, 11 Paige 107; *Price* v. *Furman*, 27 Vt. 268; *Boody* v. *Mc-Kinney*, 23 Me. 517; *Manning* v. *Johnson*, 62 Am. Dec. 737. What acts of disaffirmance would be sufficient to revest the title in him, need not be indicated here.

Many of the reported cases present instances of disaffirmance by infants after having attained their majorities, in which it is necessary to determine whether there has been a ratification.   Aside from the question of ratification, this is important where the contract was one of sale of the infant's land, for it is said he cannot disaffirm such sale before he reaches maturity, since it requires as much discretion and judgment to rescind, as to make, a contract.   1 Min. Inst. 523.   But he may have possession of the land against his contract while under age.

This is a mere personal contract whereby the infant has

obligated himself to pay money, and which he repudiates
while under age. Though executed on the part of the
plaintiff's assignors, it is executory on his part. He is not
seeking to recover either property or money, but simply
defending against a demand for money. To avail himself of
this defense, he need not return, or offer to return, what
he has received. *Weed* v. *Beebe*, 21 Vt. 495; *Fitts* v. *Hall*,
9 N. H. 441; *Burley* v. *Rush*, 10 N. H. 184; *Aldrich* v.
*Grimes*, 10 N. H. 194; *Badger* v. *Phinney*, 15 Mass. 359.
However, the legal effect of the plea, sustained by proof, is
to annul the contract and revest in the assignors of plaintiff,
as against the defendant, the title to the property they sold
him. If he has any of it, they may recover it from him by
any proper possessory remedy. 1 Min. Inst. 524; 16 Am &
Eng. Ency. Law 294; *Badger* v. *Phinney*, 15 Mass. 359;
*Nolan* v. *Jones*, 53 Ia. 387; *Strain* v. *Wright*, 7 Ga. 568;
*Brantley* v. *Wolf*, 60 Miss. 420; *Evans* v. *Morgan*, 69 Miss.
328. This confers upon the party who made the sale to the
infant the right to reclaim his property, which is essentially
different from the right to recover damages for breach of
a contract. There must be restoration, but not by tender,
or return, of the property, at or before, pleading infancy
against the money demand. It follows as a legal conse-
quence, to be enforced by a separate, subsequent appropriate
proceeding.

The foregoing propositions are subject, however, to the
qualification that infancy is no defense to an action for the
purchase money of articles furnished to an infant which are
necessary to his subsistence and comfort, and to enable him
to live according to his real position in society. 1 Min. Inst.
510; 2 Kent's Comm. 230; *Gale* v. *Hayes*, 79 Va. 547; Co.
Lit. 172*a*; *Oliver* v. *McDuffie*, 28 Ga. 522; *Locke* v. *Smith*,
41 N. H. 346; *Trainer* v. *Trumbull*, 141 Mass. 527; *Stone* v.
*Dennison*, 13 Pick. (Mass.) 1, 23 Am. Dec. 654; *Wilhelm* v.
*Hardman*, 13 Md. 140; *Craig* v. *Van Bibber*, 18 Am. St.
Rep. 569, note p. 643, *et seq*. But as the law does not con-
template that an infant shall carry on any business which
necesitates or involves the making of contracts on his per-
sonal responsibility, articles furnished to him for use in
business, such as merchandising, farming or conducting a
shop of any kind, are not regarded as necessaries. 16 Am. &

Eng. Ency. Law 277. Chairs for a barber-shop are not necessaries. *Ryan* v. *Smith*, 165 Mass. 303. Nor are goods bought to replenish a stock of merchandise. *Whittingham* v. *Hill*, Cro. Jac. 494; *Whywall* v. *Champion*, 2 Stra. 1083. Nor can an infant bind himself for work done in the course of business. *Dilk* v. *Keighley*, 2 Esp. 480. A horse purchased for use in cultivating a farm is not a necessary. *Rainwater* v. *Durham*, 2 Nott. & M. (S. C.) 524, (10 Am. Dec. 637). An infant is not liable on his contract for repairs to his dwelling house. *Tupper* v. *Caldwell*, 46 Am. Dec. 704. Many other illustrations of this principle may be found in the books. Subsistence is, of course, an absolute necessity. One of the small claims sued on here is for board, amounting to $13.25. None of the others can be regarded as necessaries.

The application of these principles makes it impossible to sustain the view taken by counsel for the plaintiff in error, as to any part of the demand, except the one for board. He is unable to establish a debt against the defendant. This is admitted. What its effect upon the title to the property in the hands of the purchaser from the defendant may be, is a question not now presented for adjudication. This action is not to recover that property or its proceeds in the hands of the purchaser as the property of the plaintiff, but to obtain a personal judgment against the defendant, to the discharge and satisfaction of which the purchase money is sought to be appropriated by means of the garnishment, which is in the nature of an execution for the enforcement of satisfaction of a judgment out of the defendant's property. By his disaffirmance of the contract, the basis for a judgment against him has failed. What remains is a mere right to follow up property, which can no more constitute ground for a personal judgment, than did the contract itself, after the defense of infancy had been made out. By allowing a personal judgment on that ground, the court would virtually make and enforce a new contract of sale between the parties. Escape from this logical result is attempted by saying the case is analogous to a proceeding against a non-resident, in which, although no personal judgment can be taken except upon appearance, the defendant's property may, nevertheless, be subjected to sale for satisfaction of the debt. But the cases

cannot be assimilated. In an attachment against a non-resident, proceeded against by order of publication and not appearing, it must be shown, *prima facie*, that there is a debt due from the defendant to the plaintiff, and that the attached property belongs to the former. Both of these conditions are wanting in the case now under consideration.

Moreover, it was the right of action arising out of the contract and no other that the plaintiff acquired by the assignment. If the property obtained by the defendant under the contract still remained in his hands, it would be the subject of an independent action for its recovery, and if any part of the proceeds of that property, remaining in the hands of the garnishee, can be recovered, it also gives rise to a cause of action, distinct from, and independent of, that arising from the contract to which the plaintiff had not shown himself entitled by any assignment. It is a right to follow up and reclaim the plaintiff's own property, not a right of action for damages, consequent upon a breach of contract. What then, in this case, except the claim for board, can afford a shadow of basis for recovery? Absolutely nothing. As there can be no judgment against the defendant, the attachment must wholly fail. There is nothing to be satisfied. There being no debt, there can be no attachment to seize and hold the property of the defendant to satisfy a debt.

Counsel for plaintiff in error rely upon *Evans* v. *Morgan*, 69 Miss. 328, to sustain their contention, but, upon examination, it is found to be exactly contrary thereto. An infant, engaged in merchandising, became indebted and then made a fraudulent sale of his stock of goods to his father. In an action at law, he set up, and defeated his creditors by, his plea of infancy. They then brought a suit in equity to set aside the sale and subject the property to the payment of their debt. Although unable to identify their property, the court held that they were entitled to have satisfaction out of the proceeds of the property, because the proof showed that it had been so mingled by the defendant with other property as to destroy its identity. While the creditors in that case were thus permitted to resort to the property for their satisfaction, their remedy was entirely different, not only as to the forum, but also in its nature.

It proceeded upon the theory that the contract had been abrogated and the creditors were following up and recovering their property, and not merely seeking to enforce the contract.

As to the item of $13.25, the claim for board, the court should have found for the plaintiff. Under principles announced in *Bee* v. *Burdett*, 23 W. Va. 744, the error, though involving an amount far below the jurisdiction of this Court, calls for a reversal of the judgment, if the amount in controversy was sufficient to confer appellate jurisdiction. Plaintiff claimed nearly $300.00, none of which was allowed him. This, not the amount he was entitled to recover, is the test of appellate jurisdiction. *Bee* v. *Burdett*, cited; *Love* v. *Pickens*, 26 W. Va. 341; *Rymer* v. *Hawkins*, 18 W. Va. 309; *Aspinal* v. *Barrickman*, 29 W. Va. 508. But where the amount in controversy is sufficient to give appellate jurisdiction and the plaintiff is prejudiced by an error in a sum less than the jurisdictional amount, costs in this Court must be adjudged to the defendant in error. *Bee* v. *Burdett*, cited.

From these principles and conclusions, it results that the judgment of the circuit court must be reversed and a judgment rendered in favor of the plaintiff for the said sum of $13.25, with interest thereon from the 28th day of May, 1902, until the 4th day of April, 1904, amounting in the aggregate, to $14.59, with interest thereon from said last mentioned date until paid, which judgment A. A. Hanley, the garnishee, must satisfy out of the funds in his hands belonging to the defendant. As the recovery in the justice's court has been largely reduced, the awarding of costs is in the discretion of the court. Code, chapter 50, section 171. The recovery is very small and the costs made in the justice's court seem to be disproportionally large, $21.50. We therefore refuse to allow the costs in the justice's court and in the court below to either party, but costs in this Court are adjudged to the defendant in error as the party substantially prevailing.

*Reversed.*