CHAMBERS, A MINOR, APPELLANT, *v.* DUNMYER CHEVROLET CO., APPELLEE.

(No. 407—Decided June 21, 1943.)

*Mr. Clifford F. Brown,* for appellant.
*Mr. W. J. Mead,* for appellee.

LLOYD, J. The plaintiff, Chambers, then eighteen years of age, purchased on November 21, 1941, of the defendant, Dunmyer Chevrolet Company, doing business in Fremont, Ohio, a Ford coach automobile for the agreed price of $203.85, upon which an allowance of $30 was made for the used car owned by plaintiff, the balance of $173.85 being paid in cash.

The defendant was not informed and made no inquiry as to the age of the plaintiff and it is not alleged or claimed by the defendant that the plaintiff misrepresented his age.

On September 14, 1942, the plaintiff commenced an action against the defendant, in the Court of Common Pleas, alleging in his petition, his minority and the rescission by him of the contract of sale. The prayer therein was for judgment against the defendant in the amount of $203.85, the purchase price of the automobile.

In the amended answer, the defendant admits its incorporation, the purchase of the automobile by the plaintiff for the sum of $203.85, and denies the other allegations of plaintiff's petition. In an amended cross-petition, the defendant alleged in substance that, at the time of the sale and delivery of the automobile, it was in good operating condition and it became in disrepair because of the negligence and improper operation and use by the plaintiff, by reason whereof the automobile, which was at the time of the commencement of plaintiff's action and has since remained in the possession of the plaintiff, has depreciated in value. The prayer of the cross-petition is that the petition of the plaintiff be dismissed or "if plaintiff be found to have any cause of action to be considered, that the age of the plaintiff be determined and if it be found that he was a minor at the time of said sale and purchase and so remains, that the damages so caused" be found and determined and the defendant allowed, in abatement or diminution, the amount of the damages so caused. The prayer also asked for compensation for the use of the automobile by the plaintiff.

A jury was waived and the action tried to the court. On February 27, 1943, the court dismissed the petition of the plaintiff and rendered judgment for the defendant for the costs in the cause. A motion for a new trial, filed on the same day, was overruled on March 9th and notice of appeal to this court on questions of law was filed by Chambers on March 25th. The substance of the assignment of errors is that the finding

and judgment of the Court of Common Pleas are contrary to law and manifestly against the weight of the evidence.

The plaintiff, whose parents are dead, lives with an uncle and aunt in Sandusky, the aunt having been appointed guardian of his person and estate. When he purchased the automobile on November 21, 1941, and when he commenced his action in the Court of Common Pleas, and at the time of the trial thereof, the plaintiff admittedly was a minor eighteen years of age. The amount of the purchase price, including the expense of sales tax and certificate of title was $203.85, on which was credited $30.00 representing the agreed value of an old car transferred by plaintiff to the defendant. Plaintiff had been in the employ of The Pennsylvania Railroad Company and, at the time of his purchase of the automobile, was in the employ of the government in what was known as TNT or Plum Brook Ordnance Plant located about six and a half miles from where he lived. Thereafter, in the summer of 1942, he resumed work for the railroad company which was about three miles from his home. Immediately after the purchase of the car, while on the way home, he noticed ''a rod coming loose'' and left the car in front of his house and, at the first opportunity, started with it back to Fremont, but when almost there ''the noise got bad'' and he called defendant and the car was towed to defendant's garage in Fremont, where the automobile was repaired without expense to the plaintiff. Later it again became in disrepair and, at a garage in Sandusky, where plaintiff took it, it was found that the rod or rods were displaced. Other rods were put in and, defendant refusing to pay for this work, plaintiff paid for it, the price amounting to $59. He later took it back to the Sandusky garage where he was told that ''the rods were starting to come out again'' and ''that the crankshaft had to be ground down.''

The defendant refused to have anything further to do with the car. Plaintiff left it at the Sandusky garage and notified the defendant that it was there, and that he would go to the expense of towing it to Fremont if defendant would refund the purchase price to him. A representative of the defendant testified that plaintiff said, ''We should repair the car or come and get the car and give him his money back. * * * I want my money back or I want you to fix it up or come and get it.''

·Another representative of the defendant who went to Sandusky to see the car said that it was worth no more than $15 or $20, as salvage. The condition of the automobile was such that it could not be taken to Fremont unless it was towed.

The evidence clearly discloses that the defendant regarded the automobile as so much junk and declined the offer of the plaintiff to have it towed from the Sandusky garage to Fremont if the defendant would give him his ''money back.'' The law does not require the doing by plaintiff of a vain thing.

The defendant sought to prove that the automobile was purchased by the plaintiff for the purpose of going to and from his work and therefore claimed that it was a necessary within the meaning of the law, and, therefore, its purchase price was an obligation from which the minor plaintiff could not renege. The defense that it was a necessary was not pleaded and the admitted testimony, to which the plaintiff objected, for that reason alone was incompetent and prejudicially erroneous. However, had it been pleaded, it would still have been incompetent for the reason that under the evidence the automobile was not a necessary. To have been considered a necessary, the automobile must have been essential to the bodily or mental needs of the plaintiff and not for business purposes. The automobile having been purchased for such use and having

been so used by him, contract of purchase thereof was subject to disaffirmance. *Schoenung* v. *Gallet, Admx.,* 206 Wis., 52, 238 N. W., 852, 78 A. L. R. 387; *Wallace* v. *Leroy,* 57 W. Va., 263, 50 S. E., 243, 110 Am. St. Rep., 777.

It is clear from the foregoing that the plaintiff, being a minor, had the legal right to disaffirm the contract of purchase and to have the amount paid by him for the automobile refunded to him.

The judgment of the Court of Common Pleas is therefore reversed and final judgment rendered for the plaintiff.

*Judgment reversed.*

CARPENTER and STUART, JJ., concur.