No. 94.—WILLIAM L. STRAIN, adm'r of JACOB T. WRIGHT, plaintiff in error, *vs.* ROBERT T. WRIGHT, defendant.

[1.] The contracts of infants are not void, but voidable, at the election of the infant, when arriving at full age.

[2.] When an infant purchases property of an adult, and gives his note for the purchase money, and receives the property into his possession, and after arriving at full age, *disaffirms* the contract by a plea. of infancy to a suit upon the note: *Held*, that the title to the property revested in the vendor, or his legal representative, and that the infant should restore the property to the vendor, upon the disaffirmance of the contract.

[3.] Where an infant had purchased a negro of an adult, and paid part of the purchase money under the contract, and gave his note for the balance, and took the negro into his possession, and afterwards, to a suit instituted on the note by the vendor, he disaffirmed the contract by the plea of infancy: *Held*, that inasmuch as the remedy of the vendor, under the peculiar facts of the case, to recover the possession of the negro at Law was inadequate and difficult, a Court of Equity would entertain jurisdiction, and decree a sale of the negro, and out of the proceeds thereof reimburse the infant the amount paid by him, and decree that the balance should be paid to the vendor or his legal representative.

In Equity, in Greene Superior Court.   Tried before Judge MERRIWETHER, September Term, 1849.

Robert T. Wright purchased a negro of Jacob T. Wright, paid a portion of the purchase money, and gave his promissory note for the balance.   Subsequently, suit was brought upon this note, and to this suit a plea of infancy, at the time of the making of the contract, was filed.   On the trial, proof having been introduced to sustain the plea, the action was dismissed.

The plaintiff in error then filed a bill, alleging the foregoing facts, and insisting that the defendant had, by his plea and proof, disaffirmed and annulled his contract, and prayed that the negro might be delivered up to complainant, on his re-paying the amount of the purchase money paid, or else that the negro might be sold, and after paying the balance due of the purchase money, the residue to be paid to Robert T. Wright.

Robert T. Wright, by his answer, insisted that he had paid the amount of the purchase money of the negro, and pleaded the Statute of Limitations.

Strain *vs.* Wright.

On the trial, the complainant introduced evidence in support of his case, and the defendant in support of his plea of payment.

Counsel for complainant requested the Court to charge the Jury—

1st. That if the defendant, upon arriving at full age, and being sued upon the note given in part consideration of the purchase of said slave, pleaded the plea of infancy to said note, and introduced evidence, on the trial, in support of the plea, it was a disaffirmance of the contract for the sale and purchase of said negro.

2d. That upon the disaffirmance of the contract, the property revested in the original owner.

3d. That if the contract was disaffirmed by the defendant, after arriving at full age, and a portion of the consideration money had been paid by the defendant, it was competent for the Jury to decree a sale of the negro, and that the proceeds be applied, first, to the re-payment to the defendant of the amount paid by him, and the balance be paid to the complainant.

The Court declined so to charge, but, on the contrary, instructed the Jury, among other things, " That the plea of infancy to the suit on the note, and the evidence produced in support of the plea, was not a disaffirmance of the contract; that the complainant's bill was in the nature of an action of trover, and sounded in tort, and could not be sustained; that it was an attempt on the part of the complainant to charge the defendant with a tort, when the evidence showed that the cause of action, whatever it might be, arose from contract."

To which charge of the Court, and refusal to charge, the complainant excepted.

CONE, for plaintiff in error.

1st. The plea of infancy to the action at law, and the evidence introduced by the defendant in support of the plea, was a disaffirmance of the contract for the sale and purchase of the negro, the property in controversy.   15 *Mass.* 359, 364.   9 *Metcalf,* 519. 6 *Ala.* 544, 548.   1 *New Hampshire,* 73.   7 *Cowen,* 179.   6 *New Hamp.* 339.   2 *Kent,* 239, 240.   *Reeve's Dom. Rel.* 243, 249.   5 *Serg. & Rawle,* 309, 313.   1 *Rol.* 731.   2 *Coke,* 320.   2 *Bul.* 69. *Godb.* 365.   3 *Comyn's Dig.* 550.   *Co. Litt.* 2, *b.*   10 *Jac.* 320.

*Godb.* 120. 2 *Vent.* 203. *Vern.* 132. 2 *Vern.* 225. 1 *Roll's Ab'gt,* "*Enfants.*"

2d. Upon the disaffirmance of the contract, the property revested in the original owner, or, he being dead, in his personal representative. 6 *Ala. Rep.* 548. 15 *Mass.* 359, 364. 1 *New Hamp.* 73, 75. 8 *Taunton,* 39. *Reeve's Dom. Relat.* 243, 249. 5 *Serg. & Rawle,* 309, 313. 7 *Cowen,* 182, 183. 6 *New Hamp.* 339. 2 *Kent's Com.* 239, 240.

3d. He who avoids an executed contract on the ground of infancy, after arrival at full age, must refund the consideration received by him. 1 *New Hamp.* 73. 6 *Ib.* 330. 5 *Smede & Marsh.* 222. 5 *Serg. & Rawle,* 309. 2 *Kent's Com.* 240. 5 *Humph.* 70. 7 *Cowen,* 179. 15 *Mass.* 359.

W. C. DAWSON, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

Two grounds of error are alleged to the judgment of the Court below, in this case. First, in refusing to give to the Jury the instructions asked by the counsel for the complainant. Second, in giving to the Jury the instructions as set forth in the record before us.

It appears that the defendant had purchased from the complainant's intestate a negro, for which he paid a part of the purchase money, and executed his note for the balance. At the time this contract was *executed,* the defendant was an infant, who took the negro into his possession. When sued upon the note given for the balance of the purchase money for the negro, after attaining full age, he filed the plea of infancy to the action upon the note, and at the trial, sustained his plea by proof, whereupon the plaintiff in that action dismissed it.

The complainant then filed his bill, setting forth the facts of the case, and prayed for a decree to have the negro sold, and out of the proceeds of such sale, to pay the defendant the amount paid by him to the complainant's intestate, and the balance thereof to be paid to the complainant.

The instructions asked by the complainant's counsel assert the proposition, that the contract for the sale of the negro was *disaffirmed* by the defendant, by his plea of infancy to the action on

the note, and that the title to the negro revested in the original vendor, or his legal representative, and that it was competent for a Court of Equity to decree a sale of the negro, so as to adjust the equitable interests of the respective parties to the contract, according to the facts of this particular case. The instructions requested were, in our judgment, correct in point of law, and ought to have been given.

[1.] The contracts of infants are not *void*, but *voidable* at their election, when they arrive at twenty-one years of age. 2 *Kent's Com.* 235. *Roof vs. Stafford*, 7 *Cowen's Rep.* 179. By his plea of infancy to the action brought upon the note given in part payment for the negro, the defendant *disaffirmed* the contract for the sale of him.

[2.] An obligation or other deed of an infant, shall be avoided by *plea of within age*. 3 *Comyn's Dig.* 550, *letter c*, 5. The plea of infancy was his own voluntary act, and manifested his *intention* to repudiate the contract, and he is therefore bound by it. The defendant will not be permitted to *disaffirm* the contract, when sued for the purchase money by the vendor, and when the latter seeks to recover the property, in consequence of such *disaffirmance*, to refuse to give it up, and then insist upon such refusal as evidence of an *affirmance* of the contract, as was contended by the counsel for the defendant in error. When the defendant filed his plea of infancy to the contract, he made his *election* to *disaffirm* it, and he is bound by such election.

It has been insisted on the argument, that when an infant has received property by virtue of an *executed* contract made with an adult, that when he arrives of age and disaffirms the contract, by his plea of infancy to the note given for the property so received, the adult cannot recover from the infant, either the purchase money for the property sold to him, or the property. Upon what legal principle this doctrine can be supported, we are unable to determine; certainly upon no *just* principle.

[3.] The *infant*, in this case, derived his title to the negro by virtue of the *contract* made with the complainant's intestate. When of age he *disaffirms* the contract, and it is *cancelled* for his benefit. The contract of sale being *rescinded* at the instance of the infant, what becomes of *his title* to the property derived from the vendor? According to legal rules and common sense, it would seem that the title to the property would revest in the vendor;

and yet the authorities to be found in the books upon this question are not as harmonious as might be expected. We, however, adopt the rule as stated by Chancellor *Kent.* If the infant avoids an *executed* contract, when he comes of age, on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield, and not as a sword. He cannot have the benefit of the contract on one side, without returning the equivalent on the other. 2 *Kent's · Com.* 240. The cases of *Badger vs. Phinney,* (15 *Mass. Rep.* ·359,) *Roberts vs. Wiggins,* (1 *New Hamp. Rep.* 73,) and *Roof vs. Stafford,* (7 *Cowen's Rep.* 179,) are cited in support of this doctrine. In *Badger vs. Phinney,* the Court inquire, after the contract has been rescinded, what is to be done then ? " Should not the plaintiff and defendant be placed in the same situation as if no such contract had been made ? But that will not do for the defendant. His notion of rescinding is to keep *all* and to pay *nothing* on the contract." So here, the defendant wishes to keep the negro, and not pay the note given for the purchase money. The rule adopted in *Badger vs. Phinney,* is recognized by the Supreme Court of Alabama, in *Jefford's Adm'r vs. Ringold & Co.* 6 *Ala. Rep.* 548. See, also, 9 *Metcalf's Rep.* 519. We cannot sanction the doctrine contended for, that an infant who obtains property by virtue of a contract with an adult, may, when of age, *disaffirm* such contract under the law made for his *protection,* and then refuse to restore the property thus obtained. The law, which was intended, in the language of the authorities, as a *shield* for the protection of the infant, would be an instrument in his hands for *offensive* operations. It would enable him to act *aggressively* upon the rights of others, instead of enabling him to guard and protect his own rights. There is no doubt, in the view we have taken of this case, that if no part of the purchase money for the negro had been paid to the vendor, and the note had been given for the entire amount thereof, that upon the disaffirmance of the contract by the defendant, an action of trover might have been maintained at Law by the vendor, for the recovery of the property; but part of the purchase money having been paid to the vendor by the defendant for the property, the remedy of the vendor, at Law, was *inadequate* and *difficult.* The peculiar facts of the case raised such an equity in favor of the complainant, as gave to the · Court of Equity jurisdiction, for the purpose of settling the rights

of the respective parties.    The charge of the Court to the Jury was a denial of the complainant's right to the relief which he prayed—to have the negro sold, and out of the proceeds thereof, to pay the defendant the amount paid by him, and the balance to be paid to the vendor.    The contract having been disaffirmed by the defendant, such a decree, in our judgment, would have properly adjusted the rights of the respective parties, according to the facts as made by the record before us, and ought to have been so adjudged.

Let the judgment of the Court below be reversed, on the ground that the Court erred in not giving the instructions as requested by the complainant's counsel, and in giving the instructions as set forth in the record.