## CHARLES SKINNER vs. D. G. MAXWELL.

1.  When an infant purchases a stock of goods for the purposes of trade and merchandise, and to secure the purchase money executed a note and mortgage of the stock of goods, such contract is voidable and may be disaffirmed by such infant by any act which manifests such a purpose.

2.  The effect of such disaffirmance is to restore the property, which remains, to the person from whom it was obtained.

3.  The power to appoint a receiver is necessarily inherent in a Court which possesses equitable jurisdiction, and it is exercised when an estate or fund is in existence, and there is no competent person to hold it, or the person so entitled is in the nature of a trustee, and is misusing or misapplying the property. The Code of Civil Procedure does not materially change the equitable jurisdiction of our Courts on the subject.—C. C. P., Sec. 215.

4.  On the principle of protection, a receiver may be appointed of an infant's estate if it be not vested in a trustee; and when there is a mixture of property and the different interests of the parties cannot be ascertained until proper invoices are made, and a division effected under the direction of the Court—Held, to be a clear case for the appointment of a receiver.
    *Adams'* Equity, 352-53.
    1 *Parsons* on Contract, 329.
    8 *Jones,* 125. Cited and approved.

This was a motion for an injunction and the appointment of a receiver heard before Logan, Judge, at Fall Term 1871, of Mecklenburg Superior Court.

The facts of the case, upon which the judgment of the court is rendered are fully stated in the opinion of the Court.

From the order of injunction and the appointment of a receiver, the defendant appealed, to the Supreme Court.

CHARLES SKINNER *v.* D. G. MAXWELL.

*Bynum, Jones & Johnston* for plaintiff.
*Barringer, Vance & Dowd* for defendant.

DICK, J.    The plaintiff purchased a stock of goods from the defendant for the purpose of carrying on the business of trade and merchandise.    He paid a certain amount in cash and executed a note for the balance of the purchase money which he secured by a mortgage on the stock of goods.    After this purchase the plaintiff bought other goods, which in the course of his business, were placed in the store with the stock which he had received from the defendant.

The day of redemption, specified in the mortgage, having passed without payment, the defendant as mortgagee, took possession of all the goods in the store, and against the will of the plaintiff, was about to sell the same to satisfy the mortgage debt.    This suit was commenced for the purpose of rescinding the contract of purchase and the mortgage, and order for an injunction, and the appointment of a receiver was asked for to prevent the sale, and protect the property until the rights of the parties in this controversy are determined by the Court.

The plaintiff alleges in his complaint that at the date of his contract with the defendant, he was an infant and still continues of nonage, and demands by way of relief, that said contract and mortgage be entirely rescinded &c.    This allegation of infancy is not denied in the answer and is thereby admitted for the purposes of this action.

We will not consider the questions of fraud mentioned in the complaint, or the merits to the controversy, as the plaintiff is entitled to a rescission of the contract on the ground of his infancy.

As a general rule the contract of an infant is not void, but voidable.    Such a contract is incapable of being enforced at law by the adult party, if the infant choose to plead his infancy. It is however capable of being ratified by the infant when he attains his majority.

CHARLES SKINNER *v.* D. G. MAXWELL.

Contracts entered into by infants for the purpose of business and trade are viewed with great suspicion by the Courts, and have been frequently declared absolutely void. The Courts are very watchful over the rights of an infant, who in contemplation of law is incapable of carrying on business and trade with proper discretion ; and a contract made by him for this purpose, if it is manifestly prejudicial to his interests, will be set aside.

The principles which govern the contracts of infants are not distinctly defined and well settled in the books, but the better opinion seems to be, that every contract of an infant, is capable of being ratified, and is therefore only voidable.

When an infant is sued upon a contract he can protect himself from a recovery by the plea of infancy ; but he does not have to wait until he is sued in order to disaffirm his contracts.

Contracts which relate only to persons or personal property may be avoided by an infant during his minority by any act which clearly manifests such a purpose. 1 *Parsons*, 322.

The effect of such disaffirmance is to restore the property which remains to the person from whom it was obtained by the infant. It is held that an infant cannot during his minority completely avoid a contract relating to land, but his disaffirmance only suspends the matter, and when he arrives at age, he is at liberty to revive and enforce such contract. 1 *Parsons*, 322. 8 *Jones*, 125.

In our case, the infancy of the plaintiff being admitted in the pleadings, the prayer of the complaint, disaffirmed the contract of purchase and the mortgage, and the defendant became entitled to so much of the property in the store as belonged to the original stock, and the plaintiff was entitled to the goods afterwards purchased by him. The prayer for an order of injunction, and for a receiver was properly allowed by His Honor. The power to appoint a receiver is necessarily inherent in a Court which possesses equitable jurisdiction and it is exercised when an estate or fund is in existence, and there

is no competent person entitled to hold it; or the person so entitled is in the nature of a trustee and is misusing or misapplying the property. *Adams Eq.*, 352.

The Code specifies certain cases in which a receiver may be appointed, but does not materially alter the equitable jurisdiction of our Courts upon this subject. *C. C. P., Section* 215.

Where property is the subject of an action and is liable to clear equities in a party out of possession, the Court may appoint a receiver, when it seems just and necessary to keep the property in dispute from the control of either party until the controversy is determined.

The property is thus placed in the hands of an officer of the law, so that it may be under the protecting care and control of the Court, and be delivered unimpaired to the person who is legally ascertained to be the rightful claimant.

On the principle of protection, a receiver may be appointed of an infant's estate, if it be not vested in a trustee, for he is incompetent to take charge of it himself. *Adams Eq.*, 353.

This power is often exercised in the case of partnerships, where one of the partners gets the business and effects in his hands and is misusing them, or is claiming the right to exclude his co-partners from the concern. The object is to secure the property until the joint business is wound up and the rights and liabilities of the partners are ascertained and adjusted.

In our case there is a mixture of property, and the defendant is in the possession, and claims the right to dispose of the whole stock of goods for his own benefit.

The disaffirmance of the contract by the plaintiff restored to the defendant his right of property in the goods which he sold, but the different interests of the parties cannot be ascertained until proper invoices are made, and a division effected under the direction of the Court.

We are of the opinion that this is a clear case for the appointment of a receiver, and the order made by His Honor must be affirmed.

Let this be certified.