Salem Dutcher, for defendants.

---

### HARRIS, TRUSTEE, *et al. vs.* COLLINS.

EQUITY, FROM MUSCOGEE. Verdict. Charge of Court. Trusts and Trustees- Equity. Fraud. Principal and Agent. Estoppel. Evidence. (Before Judge Willis.)

Hall, J.—1. There was no want of evidence in this case to overcome the defendant's answers, or to justify and sustain the finding of the jury on the several issues of fact submitted to them. The decree was in accordance with the verdict, and the other proof, as well as the pleadings in the case, and the general exception thereto, even if it had been more specific, would not have been well founded.

(a) An answer to a bill in equity, which does not go into details,

out carefully and studiously avoids any of the facts and circumstances involved in and attending the particular dealings in question, and deals in general terms, setting up only that a trustee had no right to sell land under the power contained in the trust deed, is not free from suspicion. Code, §2751.

2. The law places persons *non sui juris* under disabilities for the purpose of protecting their rights, but not to enable them to evade or assail the rights of others. Such a person cannot have the benefit of the contract on one side, without returning the equivalent on the other. 7 Ga., 572.

(a) The question of fact propounded by the court to the jury exactly covered the case, while that which was requested and refused presented the issue only partially, and was also a question of law rather than one of fact.

3. The answer of a defendant to a bill in equity which asks discovery is evidence where responsive, and cannot be disregarded unless overthrown by two witnesses or one witness and corroborating circumstances. This rule was fully given in the charge, and it was not necessary to reiterate it on the request of counsel.

(a) While it is the duty of the court to determine as a question of law what parts of an answer in equity are responsive to the bill and, as such, to be regarded as evidence for the defendant, yet generally this duty is discharged when the court instructs the jury that only so much of the answer is to be regarded as evidence as is responsive to the allegations in the bill, and lays down the rule as to what is a responsive answer. He need not go through the bill and answer and designate in detail what is responsive. If counsel make a point to the court as to the responsive character of any particular part of the answer, it is his duty to decide it and to instruct the jury accordingly. 14 Ga., 216, 222.

(b) This does not conflict with the ruling in Standford *et al.* vs. Murphy, 63 Ga., 410.

4. The question made on the demurrer, was ruled adversely to the defendants in Harris, trustee, *vs.* Palmore, (Sept. Term, 1884.)

5. The third and thirteenth grounds of the motion for a new trial were properly abandoned in this court.

6. The witness, Needham, testified to nothing more than the existence of a number of deeds left with his uncle, the names signed thereto, the time when and purpose for which they were deposited, and when and how they went out of his possession. He was not permitted to go into the contents of these writings, as no foundation had been laid for the introduction of secondary evidence.

(a) The sayings of an agent after the termination of his agency in relation to the business of his principal are hearsay and inadmissible.

7. Where a bill stated the complainant's cause of action in general, but comprehensive terms, and made a complete case for the relief prayed, and the answer traversed these allegations by vague and unsatisfactory statements, it was competent for the complainant to reply thereto by evidence.

(a) It was pertinent to show that the defendant's agents had such notice of the possession and improvement of the premises in dispute and of the transaction leading thereto as would estop the *cestui que* trust, and that they were guilty both of negligence and of fraud resulting in injury to the complainant. The wilful concealment of material facts, although they were unknown to the principal and known only to the agent, or misrepresentations made by the latter in the business of his agency will bind the former, as also will the neglect and fraud of the agent; and notice to the agent in any matter connected with his agency is notice to the principal. Code, §§2199, 2201, 2000.

Judgment affirmed.

C. J. Thornton, for plaintiffs in error.

T. W. Grimes; L. F. Garrard, for defendant.