(June 20, 1906.)

## CARL E. SANDSTROM, Appellant, v. FRANK SMITH et al., Respondents.

[86 Pac. 416.]

FORECLOSURE OF CONTRACTOR'S LIEN—SUIT IN EQUITY—ACTION AT LAW
—CROSS-ACTION FOR DAMAGES—SPECIAL FINDINGS BY JURY—GEN-
ERAL VERDICT—FINDINGS ON ALL MATERIAL ISSUES.

1. An action was brought to recover a balance due on a con-
tract for the construction of a dwelling-house. The defendants
answered, putting in issue the material allegations of the complaint,
and filed a cross-complaint wherein they demanded damages for
the failure of the plaintiff to complete his contract. Certain ques-
tions in the foreclosure suit were submitted to the jury, which they
answered, and also brought in a general verdict for the plaintiff.
The court thereupon set aside the general verdict and entered judg-
ment without making any further findings than those made by the
jury. *Held,* that the jury did not find upon all of the material
issues made by the pleadings, and for that reason the judgment must
be reversed, as all of the material issues made by the suit to fore-
close and the cross-action for damages were not found upon.

2. This being a suit in equity and a cross-action at law, either
party had the right to have the questions in the law action deter-
mined by the jury, and the court of its own volition might submit
certain questions involved in the suit in equity to the jury.

3. In such a case the court may adopt the findings of the jury
as its findings; but if the jury fails to find upon any of the
material issues made by the pleadings, the court should find upon
those issues before entering judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial
District for Bingham County. Hon. James M. Stevens,
Judge.

Action to foreclose a contractor's lien and cross-action by
defendants to recover damages. Judgment for defendants.
*Reversed.*

Chas. A. Merriman, for Appellant.

The special verdict of the jury must pass upon all the material issues so as to enable the court to pass upon the pleadings and verdict, which party is entitled to recover in this case, (*Hodges v. Easton*, 106 U. S. 413, 27 L. ed. 169, 1 Sup. Ct. Rep. 307; *Ward v. Cochran*, 150 U. S. 597, 37 L. ed. 1195, 14 Sup. Ct. Rep. 230; *Montgomery v. Sayer* (Cal.), 25 Pac. 552; Clementson on Special Verdicts, 204-216, 264, and notes.)   If this case had been tried by the court or a jury and a "special verdict" rendered, then it would be necessary that the findings must respond to and dispose of all of the material issues in this case.   (Rev. Stats. 1887, 4396; *Gould v. Stafford*, 77 Cal. 66, 18 Pac. 879; *Carson v. Thews*, 2 Idaho, 176, 9 Pac. 605; *Wilson v. Wilson*, 6 Idaho, 597, 57 Pac. 708.)

To justify the court in rendering a verdict on the findings notwithstanding the general verdict, the former must be such as to absolutely determine the controversy in favor of the moving party; the antagonism must be absolute and incapable of being removed by any conceivable evidence legitimately admissible under the issues, to warrant the court in setting aside the general verdict and rendering judgment on the special findings; the true test being whether they would warrant a different judgment from the one entered under all the circumstances in the case.   (*Indiana Ry. Co. v. Maurer*, 160 Ind. 25, 66 N. E. 157; *Stoy v. Louisville E. & St. Con. R. Co.*, 160 Ind. 144, 66 N. E. 615; *Wright v. Chicago I. & L. Ry. Co.*, 160 Ind. 583, 66 N. E. 455; *City of South Bend v. Turner*, 156 Ind. 418, 83 Am. St. Rep. 200, 60 N. E. 271, 54 L. R. A. 396; *Chicago I. L. & Ry. Co. v. Leachman*, 161 Ind. 512, 69 N. E. 253; *Smith v. Michigan Cent. Ry. Co.*, 35 Ind. App. 188, 73 N. E. 928; *City of Mishawaka v. Kirby*, 32 Ind. App. 233, 69 N. E. 481; *Drake v. Justice Gold Min. Co.*, 32 Colo. 259, 75 Pac. 913; *Chicago & N. W. Ry. Co. v. Dunlevy*, 129 Ill. 132, 22 N. E. 15; *Gwin v. Gwin*, 5 Idaho, 271, 48 Pac. 295; *Anderson v. Pierce*, 62 Kan. 756, 64 Pac. 633; Clementson on Special Verdicts, 134-148.)

Holden, Holden, Holden & Holden, for Respondents.

The controlling, decisive issue was as to whether the building had been, at the time this suit was instituted, constructed in a good, workmanlike and substantial manner. Every other question was immaterial and embraced within said issue. A question fully embracing and fairly submitting such issue to the jury is sufficient.

As a matter of law no legal right to recover could accrue to appellant until he had constructed the building in a good, workmanlike and substantial manner. The special verdict is inconsistent with the general verdict, and where a special verdict or finding is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly. (Rev. Stats. 1887, sec. 4397; *Gwin v. Gwin,* 5 Idaho, 271, 48 Pac. 295.)

SULLIVAN, J.—This suit was brought to foreclose a contractor's lien for the balance due for the erection and construction of a dwelling-house. The defendant, by way of answer, denied many of the allegations of the complaint, and by way of cross-complaint set up an action for damages on account of the faulty construction of the dwelling-house referred to, and asked for a judgment for $1,300 against the plaintiff. The material allegations of the cross-complaint were answered by the plaintiff and denied. The cause went to trial before the court and a jury. Three special questions were submitted to the jury by the court which they answered, and they also rendered a general verdict and assessed plaintiff's damage at the sum of $200. The court, on motion, set aside the general verdict and drew certain conclusions of law from the special questions submitted to the jury and their answers thereto, without finding any additional facts. The following are the special questions submitted to the jury: "Did plaintiff build, construct and erect or cause to be built, constructed and erected in a good, substantial and workmanlike manner, conformable to the plans and specifica-

tions, as well as the requested changes made therein, the dwelling-house in question on or before September 25, 1903? A. No. Q. Was the said building constructed in a good, substantial and workmanlike manner? A. No. Q. Have said defendants or either of them ever accepted or approved said building? A. No." From these facts found by the jury, the court drew as conclusions of law—(1) That the plaintiff was not entitled to the decree foreclosing his lien; (2) That the defendants were entitled to judgment and a decree discharging, dissolving and vacating said contractor's lien; (3) That the defendants were entitled to judgment for costs, and judgment was duly entered in conformity with said conclusions of law. This appeal is from that judgment.

It will be observed that this action was brought to foreclose a contractor's lien. The action, then, was a suit in equity. By answer, the defendants put in issue the material allegations of the complaint, and as a cross-action they set up by way of cross-complaint an action for damages, accruing by reason of the failure of the plaintiff to construct the building referred to, in accordance with the contract. Thus we have here an equity suit to foreclose a mechanic's lien, and a cross-action at law for damages. The respondents did not dismiss their cross-action for damages, and could not do so, after plaintiff had answered the cross-complaint, without his consent.

It appears from the foregoing questions and answers that those questions arose out of the suit in equity to foreclose the contractor's lien, and not out of the cross-action for damages. The parties had a right to have the cross-action tried by a jury, and it was discretionary with the court whether or not it would submit special questions in the suit in equity to a jury. The jury's answers in the equity suit were simply advisory to the court. It is clear to us, from the record, that the jury considered the evidence in the equity branch of the case in answering the special interrogatories and in the trial of the question of damages, took into consideration the evidence on that question, and came to the conclusion that the

defendants had not sustained $1,300 in damages, but had sustained the difference between the amount claimed by the plaintiff, which was $926.20 and $200, for which latter sum they gave plaintiff a .verdict. But whether that be the correct conclusion or not, after hearing the whole case, they found a general verdict for the plaintiff for $200. The court then set aside the general verdict and without making any findings of fact whatever, adopted the findings of the jury on the special questions submitted to them, as facts found by the court, and entered judgment against the plaintiff, canceling his mechanic's lien.

A court may adopt the findings of a jury in an equity case as the findings of the court and base its judgment thereon, but that does not obviate the necessity of making additional findings covering every material issue made by the pleadings, if the jury has not done so. As will be observed from the interrogatories and answers thereto, the jury found that the house in question was not completed before September 25, 1903; that the building was not constructed in a good, substantial and workmanlike manner, and that the defendants had never accepted or approved said building. Conceding, for the sake of argument, that those findings cover all the material issues made in the equity branch of the case, there is no finding whatever on any of the issues made by the cross-action for damages. That being true, the judgment must be reversed, and the cause remanded, with instructions to set aside the judgment and retry the case.

Costs are awarded to appellant.

Stockslager, C. J., and Ailshie, J., concur.