(August 31, 1912.)

## PENNINGER LATERAL CO., LTD., Appellant, v. A. D. CLARK, Respondent.

[126 Pac. 524.]

Action at Law—Equitable Defense—Trial—Findings of Jury— Findings of Court—Judgment—When Void.

(Syllabus by the court.)

1. Where an action is brought to recover a debt alleged to be due for maintaining and keeping up a canal through which water is carried to the respective owners of said ditch, and said cause is put in issue by general denials, and an equitable defense is also filed to said cause of action by a cross-complaint alleging title in the defendant and cross-complainant in the said canal and praying that the title of defendant be quieted, it is error for the trial court to submit to the jury the issues made by the complaint and answer, and also the issues arising upon the cross-complaint and the answer thereto, as a single question, to be determined by a general verdict.

2. In an action at law, where a suit in equity is interposed as a defense, and such equitable relief alleged constitutes an independent cause of action and is properly plead and such defense as may result in a decree in his favor, the party making such plea

becomes the actor and plaintiff as to all matters alleged in such affirmative defense.

3. Where an action at law is brought and an equitable defense is interposed by a cross-complaint and also in an action cognizable in equity where a cross-action at law is interposed, the proper rule of procedure for the court is to hear and dispose of the equitable cause of action before proceeding to try the issues at law.

4. Where an action is brought and an equitable defense is interposed by a cross-complaint, and also in an action cognizable in equity where a cross-action at law is interposed, the court may direct the jury to find a general verdict upon issues made by the complaint and answer. And if the court desires the advice or aid of the jury in the equity suit made by the cross-complaint, it is proper for the court to submit such questions as are proper and applicable to the issues to the jury for their answers, and may adopt such findings of the jury as the findings of the court; but where such special questions are not submitted to the jury, it is necessary for the trial court to make findings in the equity action as a basis upon which the judgment is founded.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action at law to recover damages where an equitable defense is presented by cross-complaint. Judgment for respondent. *Reversed.*

J. C. Johnston, for Appellant.

No action purely equitable in character can proceed to a decree upon the verdict of a jury as the foundation thereof, but if the jury is called in such case, it must be to aid the court in determining the questions of fact, which, when found, are the findings of the court. (*Ramsey v. Hart,* 1 Ida. 423.)

In such a case the court may adopt the findings of the jury as its findings; but if the jury fails to find upon any of the material issues made by the pleadings, the court should find upon those issues before entering judgment. (*Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416.)

Where a defendant files a separate answer setting up affirmative matter, constituting a defense, it is error for the

trial court to fail to make findings on the issues thus raised. (*Lorenzi v. Star Market Co.*, 19 Ida. 674, 115 Pac. 490.)

. C. H. Edwards and D. T. Miller, for Respondent, cite no authorities on points decided.

STEWART, C. J.—This action was instituted by the appellant to recover from the respondent the sum of $258.95. The complaint contains two causes of action. The first cause of action alleges that the plaintiff expended for the maintenance and keeping up of the canal designated as the Penninger lateral, and for repairs of the same, and for the payment of the water-master for the years 1904, 1905, 1906, 1907, 1908 and 1909, the sum of $240.47, of which sum the defendant has paid the sum of $93.39, leaving still due and unpaid the sum of $147.08.

The second cause of action alleges that during the year 1904 the defendant secured from the plaintiff an additional right to the use of water flowing in the Penninger lateral and the extension thereof with which to irrigate an additional amount of land owned by the defendant, and in pursuance of such agreement the plaintiff has furnished such additional amount of water as requested by the defendant, continuously during the years 1904, 1905, 1906, 1907, 1908 and 1909, with which to irrigate said additional amount of land and all the lands owned by the defendant; and that the defendant promised to pay for the reasonable use of said water so used during all of said years and with which he irrigated his land, consisting of 223.75 acres of land; and that the reasonable use and value of said water so furnished constituted a running account between the plaintiff and the defendant, and that the reasonable value of the water during said years is the sum of $111.87, and that said sum is due and owing from the defendant to the plaintiff. To this complaint the defendant filed an answer, denying specifically the material allegations of the complaint. The defendant also filed a cross-complaint, in which it is alleged in substance that prior to the organization of the Penninger Lateral Co., Ltd., and during the year 1902,

the land through which such lateral then was constructed was owned and controlled and in the possession of one Elliott and A. H. Eagleson & Sons, and that said Elliott and Eagleson & Sons constructed a ditch on their lands and at the exact place and along which the Penninger lateral ditch is, which was afterward transferred to the Penninger Lateral Co., and is known as the Penninger lateral; and that while the said Penninger lateral ditch belonged to Elliott and A. H. Eagleson & Sons, and during the year 1902, the defendant, desiring to construct a ditch across the said land and along the line of said ditch and in the possession of Elliott and A. H. Eagleson & Sons, and for the purpose of taking and conveying water from the New York canal to his own lands, made and entered into a certain agreement with Elliott and A. H. Eagleson & Sons, who were the owners and in possession of the aforesaid ditch, as well as the land through which it was constructed, whereby it was agreed that in consideration that the defendant would and did enlarge and construct the ditch known as the Penninger lateral to such an extent and in such manner so that it would have the capacity to carry all the water desired by the defendant, and also to carry a certain amount of water to irrigate the lands of Elliott and A. H. Eagleson & Sons, that the defendant should have the right of way through said lands and an interest in said ditch to the extent of conveying through said ditch a sufficient amount of water with which to irrigate the defendant's land; and that in accordance with such agreement he would enlarge and construct at his own expense the said ditch now known as the Penninger lateral, and that such enlargement and construction was in the year 1902 and prior to the organization of the Penninger Lateral Co., and prior to such company's acquiring any interest in said ditch, and by means of such enlargement of said ditch the same furnished the means of conveying the amount of water agreed upon the lands of Elliott and A. H. Eagleson & Sons and this defendant, and defendant constructed said ditch so large as to convey, and that it did convey, 219 inches of water to defendant's lands,

and ever since said time, and in accordance with said agreement, defendant has taken said water through said ditch without paying any money or other consideration, except specified in such agreement made with Elliott and A. H. Eagleson & Sons; and in such cross-complaint the defendant prays that the plaintiff take nothing, and that he be decreed a perpetual water right to convey from the New York canal 219 inches of water through the said ditch, now known as the Penninger lateral, to the lands of the defendant. To this cross-complaint an answer was filed by the appellant denying the material allegations thereof.

Upon the issues thus presented a jury was called, and the cause was submitted to the jury and the jury returned the following verdict: "We, the jury in the above-entitled cause, find for the defendant." Upon this verdict the trial court rendered a judgment that the defendant recover from the plaintiff his costs in the sum of $83.85, and that the defendant is adjudged a perpetual right to convey through the New York canal, through the Penninger lateral, sufficient amount of water to irrigate 320 acres of land. This appeal is from the judgment and from the order denying a motion for a new trial.

The first error assigned by appellant and presented on this appeal is that the judgment of the court is erroneous and void, first, for the reason that the judgment is based solely upon the general verdict rendered by the jury, and that no special questions or findings were made by either the jury or the trial court either upon the cause of action set forth in the complaint or upon the cross-complaint which was for affirmative and equitable relief; and, second, that the general verdict rendered by the jury was not a finding and could not be a finding which could or would in any way be taken and accepted by the trial court as findings upon the cross-complaint, which demanded equitable relief, and is insufficient to justify the judgment.

An examination of the pleadings clearly shows that the complaint is an action at law to recover damages for debt, and

that the cross-complaint is an affirmative and equitable action on the part of the defendant against the plaintiff and independent of the cause of action stated in the complaint; and that the cross-complaint clearly and specifically and in proper form states an equitable right of action upon behalf of the defendant and against the plaintiff, and that this cause of action so stated might have been brought as an independent suit for the purpose of enforcing the right and claim allowed in the cross-complaint.

Notwithstanding the independent right thus set forth in the cross-complaint, such cause of action may be relied upon as a defense in an action involving the same subject matter brought against the defendant. (Rev. Codes, secs. 4183–4188; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.) The general rule announced by the authorities is that a party relying upon an equitable defense must plead such defense with the same fullness and particularity as is required in cases involving like subjects of equity in suits in equity. The answer, being in the nature of a bill of equity, must contain all the essential and necessary averments required in a bill of equity. When such equitable defense is properly plead as indicated above, the party making such plea becomes the actor and plaintiff with respect to all matters alleged in such affirmative defense, and such defense must be of such a character and such defense as may result in a decree in his favor. (*Estrada v. Murphy,* 19 Cal. 248; *Davis v. Davis,* 26 Cal. 23, 85 Am. Dec. 157; *Carpentier v. Oakland,* 30 Cal. 439; *Bruck v. Tucker,* 42 Cal. 346.)

The sufficiency of the pleadings in this case as to whether the complaint or the cross-complaint states sufficient facts to constitute a cause of action is not called in question upon this appeal, and does not require this court to determine whether any other matter should have been stated by either the plaintiff in the complaint or the defendant in his cross-complaint in order to make a perfect pleading, and we shall accept the pleadings as sufficient, and each will be accepted as stating a cause of action sufficient upon appeal.

From the complaint we think it clearly appears that the facts stated constitute an action of law, and that the cross-complaint states facts showing an equity suit to determine the right and title to an interest in the ditch, and to have the defendant's title quieted to such interest.   Both actions, however, were tried and submitted as one proposition, and the jury were not instructed as to the issues or questions upon which they should find.   The trial judge, in his instructions to the jury, advised them that the action was for the recovery by the plaintiff against the defendant for maintenance and keeping up a canal designated as the Penninger lateral, and for repairs and for extra water taken through the ditch in the years 1904, 1905, 1906, 1907, 1908 and 1909, inclusive, and that the defendant denied such allegations and alleged affirmatively that the defendant owned a right of way in said canal secured through the execution of a contract with the owners of the land, over which said canal runs, sufficient in capacity to convey all his water, and that no enlargement thereof has ever been made by said plaintiff on his account, and that he has done everything necessary and proper to maintain and keep in proper condition for use for proportionate interest in said canal, and that said plaintiff has never performed any work or done anything in defendant's behalf in caring for said canal.

Upon this statement of the pleadings, the trial court instructed the jury as follows:

Instruction No. 3: "The burden of proving his case substantially as alleged and set forth by the plaintiff in his amended complaint in this action rests upon the plaintiff, and by this is meant that the evidence on behalf of the plaintiff must, in the opinion of the jury, be entitled to more weight than the evidence on behalf of the defendant."

Instruction No. 5: "Where two or more persons or corporations receive and hold rights of way in a canal for the purpose of conveying water through such canal, such co-owners are tenants in common therein, unless it is expressly provided otherwise in their titles to such interests."

It will thus be seen that the entire case, not only the action at law but the suit in equity, was submitted to the jury, and the jury was required to pass upon the entire case, both the issues made upon the complaint and answer and the issues made by the cross-complaint and the answer. But there is nothing to indicate from the verdict or the instructions of the court whether the jury determined the matter by reason of the evidence given in support of the complaint, or whether the verdict was based upon the evidence offered in support of the cross-complaint. If the verdict of the jury was based upon the evidence supporting the complaint alone, it was unnecessary for the trial court to instruct the jury as to the equitable rights plead in the cross-complaint, except when special questions are submitted to the jury, as provided by the statute. If the jury based their verdict upon the evidence introduced in support of the cross-complaint, and the defendant was entitled to have a judgment determining his right and interest in and to the ditch and have his title thereto quieted, it was unnecessary for the trial court to give any instruction with reference to a recovery by the plaintiff upon the allegations made in the complaint as contained in instruction No. 6, and the giving of both of these instructions certainly misled the jury so that they could not tell what they were to determine or what evidence should be considered, and this court is unable to determine, after a thorough examination of the record, upon what theory the jury found its verdict or upon what theory the trial court rendered its judgment.

It should be the common, ordinary rule of procedure in cases where an action at law is brought and an equitable defense is interposed by a cross-complaint, and also in an action cognizable in equity where a cross-action at law is interposed, that the proper rule of procedure for the court is to hear and dispose of the equitable cause of action before proceeding to try the issues of law. (*Arguello v. Edinger*, 10 Cal. 150; *Estrada v. Murphy*, 19 Cal. 248; *Weber v. Marshall*, 19 Cal. 447; *Lestrade v. Barth*, 19 Cal. 660; *Martin v. Zellerbach*, 38 Cal. 319, 99 Am. Dec. 365; *Fish v. Benson*, 71 Cal. 434, 12

Pac. 454; *Maas v. Dunmyer,* 21 Okl. 434, 96 Pac. 591.)   The right, however, to have the defense of an equitable nature interposed in an action at law tried and determined by the court before the issues are tried and determined in the action at law does not exist in all cases, and should be applied only in such cases where an equitable right of action exists in behalf of the defendant which he might have asserted in an independent suit brought by him against the plaintiff for the purpose of enforcing such right, and which, under our statute, can be also relied upon as a defense in an action involving the same subject matter brought against him by the plaintiff.

In the present case the allegations of the cross-complaint clearly state a cause of action in equity for the purpose of determining the right and interest of the defendant and respondent in and to the Penninger Lateral and having his title quieted to such interest claimed by him in such ditch, and clearly shows an equitable right of action under the authorities cited above.   (*Swasey v. Adair,* 88 Cal. 179, 25 Pac. 1119; *Fish v. Benson,* 71 Cal. 434, 12 Pac. 454; *Maas v. Dunmyer,* 21 Okl. 434, 96 Pac. 591.)   Under this condition of the pleadings, it was the duty of the trial court to first determine the issues involved under the allegations of the cross-complaint which could be tried by the court alone without the aid of a jury, or the court could submit to the jury such issues as he deemed proper to aid and assist the court in determining the issues of fact involved.   (*Fish v. Benson, supra; Swasey v. Adair, supra.*)

In the case of *Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416, this court had under consideration almost the identical question now involved in this case, and this court held that in a suit in equity where a cross-action at law had been presented, either party had a right to have the questions in the law action determined by the jury, and the court of its own volition might submit certain questions involved in the suit in equity to the jury, but in such case the court had the discretion to adopt the findings of the jury as the court's findings, but if the jury failed to find upon any of the material issues made by

the pleadings, the court should find upon those issues before entering judgment. The court in the above case announced the rule as follows:

"The jury's answers in the equity suit were simply advisory to the court. It is clear to us, from the record, that the jury considered the evidence in the equity branch of the case in answering the special interrogatories, and in the trial of the question of damages took into consideration the evidence on that question, and came to the conclusion that the defendants had not sustained $1,300 in damages, but had sustained the difference between the amount claimed by the plaintiff, which was $926.20, and $200, for which latter sum they gave plaintiff a verdict. But whether that be the correct conclusion or not, after hearing the whole case, they found a general verdict for the plaintiff for $200. The court then set aside the general verdict, and without making any findings of fact whatever adopted the findings of the jury on the special questions submitted to them, as facts found by the court, and entered judgment against the plaintiff, canceling his mechanic's lien."

If this be the correct rule, and we believe it is, in the case at bar it was erroneous for the court to submit the entire case to the jury to be determined by a general verdict, without instructing the jury as to the particular issues to be determined by such jury. In other words, the court would have been justified in directing the jury that they should find by a general verdict upon issues made by the complaint and answer, and if the court desired the advice or aid of the jury upon the equity suit made by the cross-complaint, proper questions should be submitted to the jury, and the court might adopt such special verdict of the jury as the findings of the judge, or he might make such findings as the facts and law would justify, but there should be findings made in the equity action the same as upon the law action, either by the court or jury, upon which to base the judgment. (*Sandstrom v. Smith, supra.*)

It is not sufficient in this case to contend that the question of making findings was waived in the trial court and is now being presented in this court for the first time.

Exceptions were taken to the instructions given by the court, which instructions directed the jury to find upon the entire case; and when exceptions were taken to the instructions and such exceptions were argued upon the motion for a new trial and now urged in this court, such questions sufficiently presented the question as to the correctness of such instructions. It also appears affirmatively that on the motion for a new trial the first and main reason stated in the notice of intention to move for a new trial is "that the judgment of the said court on the verdict of the jury rendered in said cause is void as well as erroneous, for the reason that said judgment entered by the court was based solely upon the general verdict under the statutes of Idaho given by the jury in said cause, and that there was no special findings found by the jury nor submitted to the jury on the part of the defendant in said cause, and that the defendant in said cause filed a cross-complaint asking for affirmative relief, and not only affirmative relief but equitable relief, and the general verdict of the jury did not find as provided by the statutes upon said equitable cross-complaint, and that the defendant in said cause did not submit to the jury any questions asking for findings on the cross-complaint and equitable defense."

Thus it will be seen that the main ground for a motion for a new trial was that the judgment was void and erroneous, because findings were not made, either by the court or jury, upon which such judgment could be based, and exceptions were taken to the order of the trial court in refusing to grant a new trial upon this assignment. Thus the trial court had full opportunity to correct the error which is now urged for a reversal.

The sufficiency of the evidence to sustain the judgment has been extensively argued in the briefs, but inasmuch as a new trial must be granted, it is unnecessary to pass upon such questions.

Because of the large volume of evidence taken in this case, we think it proper to suggest to the lower court and the counsel in the case that it might be in the interest of justice and economy for some agreement or arrangement to be made by which, upon a retrial, such trial may be had upon the evidence already taken and appearing in the record, rather than a retaking of the entire testimony, and that upon such record the cause be tried in the method suggested in the foregoing opinion.

The judgment is reversed and a new trial is ordered. Costs awarded to appellant.

Ailshie and Sullivan, JJ., concur.