## DRUMHILLER et al. v. NORICK MOTOR CO.

No. 19296. Opinion Filed March 11, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

I. H. Lookabaugh, for plaintiffs in error.

A. O. Manning, for defendant in error.

HALL, C. This was an action in replevin instituted by the Norick Motor Company against Henry Drumhiller and A. F. Hudgens, to obtain possession of a Ford automobile which the plaintiff claimed an interest therein by virtue of a certain chattel mortgage executed thereon by one Arthur Warren Downard. Downard also was made a party to the action. The mortgage was executed for the purchase price, or the balance of the purchase price, of the car.

The pivotal facts in the case are as follows: The plaintiff, the Norick Motor Company, was a dealer in new and second-hand Ford automobiles in the town of Waynoka in Woods county in this state. In July, 1924, they sold an automobile, the second-hand Ford in question, to one Arthur Warren Downard, who also resided in that county. Downard represented himself as being of the age of 22 years. The consideration for the car was $188.16. Possession of the car was delivered to Downard, and he made one installment payment in the sum of $23.50 on the note and mortgage, and thereafter defaulted. The mortgagee timely filed its mortgage in the proper county, the county of Woods. Downard, the purchaser of the car and mortgagor, took the property over into another county, to wit: Major county; and within 120 days after the property was removed from Woods county, he sold it to the defendants Henry Drumhiller and A. F. Hudgens, defendants, and plaintiffs in error in this action. The mortgagee, the Norick Motor Company, commenced an action in replevin to recover possession of the automobile, claiming an interest therein by virtue of its chattel mortgage. The defenses interposed were: First, the infancy of the mortgagor—that he was under the age of 18 years at the time he executed the mortgage; and, second, that defendants were bona fide pur-

chasers. A trial was had, resulting in a judgment for plaintiffs.

The defendants Drumhiller and Hudgens appealed, and in seeking to reverse the judgment raise several distinct questions. However, in view of the conclusions reached regarding the principal question involved, to wit, the minority of the mortgagor, that is, the contention that, at the time he executed the mortgage, he was a minor under the age of 18 years, we deem it necessary to discuss that question or proposition only.

No good purpose could be accomplished by entering into an extended discussion of the law relating to the privileges and disabilities of infants in regard to their contracts. The commentators and text-writers themselves do not agree, and the adjudications are irreconcilable, and some cannot be explained upon any well established principles of law or equity.

Primarily, we must look to the statutes; the applicable provision here being section 4978, Comp. Stat. 1921, which is as follows:

"In all cases other than those specified herein, the contract of a minor, if made while he is under the age of 18, may be disaffirmed by the minor himself, either before his majority, or within one year's time afterwards; or, in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor while he is over the age of 18, it may be disaffirmed in like manner upon restoring the consideration of the party from whom it was received, or paying its equivalent with interest."

In the present case, the court did not decide the question of the age of the mortgagor. He expressly held that to be immaterial. There was parol testimony introduced that he was under the age of 18 years. This testimony was contradicted only by the statements of the mortgagor, Downard, made in writing, in the application which he made preliminary to the execution of the mortgage.

The age of the mortgagor at the time he executed the mortgage, is of controlling consequence: (1) If he was an adult, the question of infancy is out of the case. (2) If he was a minor over the age of 18 years, he could disaffirm the contract (the mortgage) only by returning to the mortgagee the consideration therefor, or its money equivalent, together with interest. (3) If he was under the age of 18 years, as contended by the defendants, he could rescind without offering to restore any part of the consideration. In such a case, he could be compelled to surrender any portion of the consideration which he had not spent or wasted.

The rule seems to be fully established that, in cases where an infant has purchased property from an adult, the sale vests the title to the property in the infant. But on disaffirmance by the infant of the purchase, the title revests in the vendor, who may reclaim the goods from the infant, if he still have them. Skinner v. Maxwell, 66 N. C. 45; Badger v. Phinney, 15 Mass. 359, 8 Am. Dec. 105; Strain v. Wright, 7 Ga. 568; Shirk v. Shultz, 113 Ind. 571; Stephenson v. Naumann, 195 N. Y. S. 768; 14 R. C. L. pp. 245, 246.

In the present case, the sale of the mortgaged property was a disaffirmance of the contract. Chapin v. Shafer, 49 N. Y. 407; 1 Parsons on Contracts, 322.

The rule, either where a mortgage is involved or not involved, was correctly stated in Skinner v. Maxwell, supra, as follows:

"When an infant purchases a stock of goods, for the purposes of trade and merchandise, and to secure the purchase money executed a note and mortgage of the stock of goods, such contract is voidable and may be disaffirmed by such infant by any act which manifests such a purpose.

"The effect of such disaffirmance is to restore the property, **which remains,** to the person from whom it was obtained."

The rule is that, on disaffirmance of a contract because of infancy, the contract must be disaffirmed as a whole and not as a part. Stephenson v. Naumann, supra. The infant cannot disaffirm the obligations and retain the benefits which he has not already wasted or expended.

We can perceive no difference whatever between this situation where a mortgage is involved, and where a mortgage is not involved. Where the goods which the minor, under the age of 18 years, purchases, are not made the subject of a mortgage by the minor back to the vendor, if the minor disaffirms the contract of purchase, the title to the property which he has received under his voidable contract revests in the vendor, provided the minor has not disposed of it. To extend that rule further, and hold that a mortgage executed by the infant under the age of 18 years, although it has been rendered void by subsequent disaffirmance by the infant, may be used to follow up the property of the original vendor in the hands of third persons, would be doing violence to a well-established principle of law, which is that neither a cause of action nor a defense can

be predicated upon an instrument which has been rendered absolutely void. An infant's mortgage is not void in the first instance; it is only voidable, and it is good until he disaffirms it. When he disaffirms it, it becomes void, and it cannot be made the basis of a cause of action in replevin to recover the property claimed under the mortgage.

In this connection, it must be understood that our statutes provide that a minor over the age of 18 years cannot disaffirm a contract until he restores to the other party the consideration or its equivalent with interest.

There are some authorities which would seem, upon first impression, to declare a different rule. The cases are Curtis v. McDougal, 26 Ohio St. 66, and Knaggs v. Green, 48 Wis. 601, 33 Am. Rep. 838. An examination of these cases, especially the Wisconsin case of Knaggs v. Green, will disclose that the decisions were based upon either statutes or rules of law classifying infants of whatever age in the same manner as our statutes classify them over the age of 18 years. As we have stated in the just preceding paragraph, where a mortgage is executed by a minor over the age of 18 years, the mortgage cannot be disaffirmed without restoring to the other party the consideration as provided in said section 4978 of the statutes. It is admitted in these cases that the rule could not be extended beyond mortgages executed by an infant for the purchase price of articles so mortgaged. The conclusions reached in those cases were doubtlessly correct, but the reasons assigned, we think, are unsound. We know of no legal principle which would operate to prevent the effectual disaffirmance of a mortgage executed by a minor under the age of 18 years, because such mortgage was given for all or part of the purchase price of the article mortgaged.

To hold that to be the determining factor, would be illogical and contrary to the analogies of the general law of contracts.

In Chapin v. Shafer, 49 N. Y. 407, it was held that, where an infant mortgaged personal property, but never delivered possession to the mortgagees, the latter would be trespassers in taking the property, after the mortgage became due, from one to whom the infant subsequently, and before coming of age, sold the property. Mr. Freeman, in one of his notes to the case of Craig v. Van Bebber, 18 Am. Rep. 597, in commenting upon Chapin v. Shafer, said:

"The reasoning in this case is a relic of the old theory that unless there was a delivery by the infant's own hand, a sale, or other similar transaction, was absolutely void. We think the case can better be supported because of the fact that the mortgage had been disaffirmed by the infant by his sale, before the mortgagees had taken possession, and hence after disaffirmance they had no right to take the property under their mortgage, which was then void."

For the reasons herein stated, the judgment of the trial court is hereby reversed, with directions to submit the cause on a retrial of the case upon the question of the age of the mortgagor at the time he executed the contract in this case, and render judgment not in conflict with the views herein expressed.

BENNETT, HERR, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.