No. 31,044

JOHN W. MCCLURE et al., doing business as the MCCLURE MOTOR COMPANY, a Copartnership, *Appellee*, v. HAROLD IRWIN, *Appellant*.

(23 P. 2d 470.)

Opinion on rehearing, modifying former opinion, filed July 8, 1933. (For original opinion of reversal see 137 Kan. 528, 21 P. 2d 403.)

*W. H. Coutts, Jr.*, and *Chris L. Aikman*, both of El Dorado, for the appellant.

*K. M. Geddes* and *Stanley Taylor*, both of El Dorado, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The appellant's abstract contained a statement that within the statutory length of time notice of appeal was served. This statement was not challenged and the appeal was disposed of on the ruling of the lower court on the demurrer to the plaintiff's evidence. Appellee's petition for rehearing directs our attention to the fact that the notice of appeal was served more than six months after all rulings complained of, except on the motion for a new trial, and in part recites:

"This matter should have been directed to the attention of the court in our original brief, but it escaped our notice, and we now challenge the court's attention to it, we think, properly, in this petition for a rehearing."

With reference to the jurisdiction of this court on appeal, it was said in *Tucker v. Tucker,* 97 Kan. 61, 62, 154 Pac. 269:

"This jurisdiction is vested by statute only, and no estoppel, laches or informality of a party can confer it. Neither does failure to raise the question relieve us of the duty to decline, even of our own motion, the exercise of jurisdiction which we do not possess." (Citing cases.)

An examination of the record, as amplified by the petition for rehearing, satisfies us that the appeal was disposed of by consideration of a matter not properly before us. The only question raised by the appeal was the correctness of the court's ruling on the motion for a new trial.

The matter has been reconsidered. Two of the grounds of the motion for a new trial were: (4) Erroneous instructions of the court

given to the jury, and (12) the court erred in overruling defendant's demurrer to the evidence. It clearly appears from the instructions that the case was determined on an interpretation of the statute that the minor's engaging in business was the test, rather than that defendant was a minor and plaintiff knew it when it dealt with him. The ruling on the demurrer was discussed in our former opinion. For reasons set out in that opinion, and which it is not necessary to repeat here, the court's instructions were erroneous, as was its ruling on the demurrer to the evidence, and therefore the ruling on the motion for a new trial was erroneous. Ordinarily, such an error would necessitate remanding the cause for a new trial. If such a new trial were had, however, we are satisfied from the record that nothing further could be shown affecting the defendant's liability (*Manufacturing Co. v. Porter,* 103 Kan. 84, 88, 172 Pac. 1018), and that justice requires that the cause be remanded with instructions that judgment be rendered in favor of the defendant (R. S. 60-3317), and it is so ordered.