237 P.2d 610

LAKEY v. CALDWELL.

No. 7766.

Supreme Court of Idaho.

Nov. 10, 1951.

Rehearing Denied Nov. 20, 1951.

Callis A. Caldwell, Soda Springs, for appellant.

R. J. Dygert, Soda Springs, for respondent.

KEETON, Justice.

Plaintiff (respondent here) brought this action to recover a balance of $500.00 with interest, alleged due on a contract for the sale of an International combine harvester, sold the defendant on the 1st of August,

1948. The combine, the subject matter of this litigation, was a used, second hand machine.

In avoidance, the defendant in his answer, alleged that at the time of the sale he was eighteen years of age, had requested the plaintiff to be allowed to return the combine, and that he was ready, willing and able to do so, and the plaintiff refused to accept it; that he disaffirmed the contract.

The matter was tried before the court without a jury and on materially undisputed testimony the court found that at the time the combine was purchased, the defendant was over the age of eighteen years, under the age of twenty-one years, and entered a judgment against the defendant, still a minor, for the sum of $500.00, interest and costs. From the judgment, the defendant appealed.

The first question presented for decision is whether or not the defendant, being a minor over the age of eighteen years, is liable on the contract for the purchase price, or can he return the property purchased and thus avoid liability.

Sec. 32–103, I.C., provides: "In all cases other than those specified in the next two sections the contract of a minor, if made whilst he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterward; or, in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent."

It should be noted that a minor over the age of eighteen years, on disaffirming a contract should return the consideration. There was no showing here that the combine had been misused or that due to use or misuse it had depreciated in value, or that the machine was not in the same or better condition than when purchased; and the defendant testified, and the same is undisputed, that after purchasing the combine in question he overhauled, repaired and furnished new parts, and placed it in a usable condition; further, that it was not in workable condition when he purchased it.

█ Under the statute above quoted and interpretation placed on the same by a majority of reported decisions, it may be stated as a general rule that an infant has not the capacity to bind himself absolutely by a contract, and is not bound thereby, if he elects to rescind.

█ In order to have a binding obligation, the contracting parties must have capacity to contract. The defendant in this case, because of infancy, did not have such capacity, and the contract is voidable upon his restoring, or offering to restore, the consideration. 43 C.J.S., Infants, § 71, p. 160; 14 R.C.L. 222, Sec. 9; Potter v. Florida Motor Lines, D.C., 57 F.2d 313; McClure Motor Co. v. Irwin, 138 Kan. 35, 23 P.2d 470; Snodderly v. Brotherton, 173 Wash.

.86, 21 P.2d 1036; Clemmons v. Olshine, 54 Ga.App. 290, 187 S.E. 711; Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436; Murdock v. Fisher Finance Corp., 79 Cal.App. 787, 251 P. 319; also, see Anno. 36 A.L.R. 782.

There are exceptions to the rule that a contract with an infant is generally non-enforceable such as contracts for necessaries, Sec. 32–104, I.C., and those authorized or directed by statute, Sec. 32–105, I.C., or where the subject matter has been destroyed or materially damaged by reason of use or misuse. Murdock v. Fisher Finance Corp., supra; Petit v. Liston, 97 Or. 464, 191 P. 660, 11 A.L.R. 487—Anno. 491. Such exceptions and others, if any, are not applicable here and need not be discussed.

■ The fact that the minor, while in possession of the combine used it, and benefited from such use is inconsequential. Nowhere in the statute, Sec. 32–103, I.C., is the minor required to account for profits, if any, made by use of the article purchased. Thus in Wallace v. Leroy, 57 W.Va. 263, 50 S.E. 243, the court held: " * * * the law does not permit an infant to irrevocably bind himself by contract further than is absolutely necessary for his own good, and the carrying on of a trading business involves the making of contracts on his personal responsibility, articles furnished him for use in such business, and services rendered him in connection therewith, are not deemed necessaries; and he may disaffirm

his contracts therefor, although he derives his living solely from such business."

It should also be noted in the case before us the plaintiff is attempting to enforce an executory contract and obtain a personal judgment against an infant because of the sale of an article to the infant not coming within any of the exceptions recognized by the above quoted statute. Sec. 32–103, I.C.

■ In his brief and on oral argument the appellant contends he is entitled to a return of the $200.00 paid on the purchase price of the combine.

In appellant's answer he pleaded the defense of infancy, but did not file a cross-complaint.

While the prayer of the answer asked for affirmative relief, it is not supported by any allegations in the answer.

■ A cross-complaint must contain all the essential and necessary averments, should be pleaded as fully as the original cause of action, and should be sufficient in itself, without recourse to other pleadings, to entitle the defendant to the relief sought. Such cross-complaint was not filed here. Penninger Lateral Co. v. Clark, 22 Idaho 397, 126 P. 524; Denton v. Detweiler, 48 Idaho 369, 282 P. 82; 71 C.J.S., Pleading, § 167, p. 342; Bullard v. Bullard, 189 Cal. 502, 209 P. 361.

■ An answer must be filed by the infant or his guardian in accordance with

statutory requirements. 43 C.J.S., Infants, § 64, p. 144.

In cases where an infant has purchased property from an adult, the sale vests the title to the property in the infant. But on disaffirmance by the infant of the purchase, the title revests in the vendor, who may reclaim the goods from the infant. Skinner v. Maxwell, 66 N.C. 45; Badger v. Phinney, 15 Mass. 359, 8 Am.Dec. 105; Strain v. Wright, 7 Ga. 568; Shirk v. Shultz, 113 Ind. 571, 15 N.E. 12; Stephenson v. Naumann, Sup., 195 N.Y.S. 768; 14 R.C.L. pp. 245, 246; Drumhiller v. Norick Motor Co., 144 Okl. 174, 289 P. 698, 69 A.L.R. 1370.

Under the proof made the vendor is entitled to reclaim the goods sold.

It follows that the judgment is reversed with instructions to the trial court to set the same aside. Plaintiff is entitled to reclaim the combine. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.

On Petition for Rehearing

KEETON, Justice.

Subsequent to the filing of decision in this matter, respondent filed a petition for rehearing on two grounds: first, that no specifications of error were filed on behalf of appellant; second, that the word "consideration" as used in Sec. 32–103, I.C., should be construed to include the benefits derived by the minor by use of the property purchased.

As to the first ground, alleged absence of specifications of error, if it had any merit, was not raised or presented until after decision in the case. Hence if a valid objection did exist, such objection was by the respondent waived.

The Court did not consider or decide what benefits, if any, by use of the property purchased, should be deducted from the amount paid on the purchase price by the minor for the reason, under the decision, on other grounds, the Court concluded the minor was not entitled to recover any part of the down payment, Hence what the rule may be as to an accounting for benefits by the minor, when he is the actor and asking for a rescission and recovery of the purchase price, was not, and need not be, discussed or decided in this case.

The petition for rehearing is denied.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.